# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

FEB 7 2005

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 **Criminal No. 1:05 CR 04**

DANIEL WILSON TESTERMAN,

        Defendant.

## MOTION TO SUPPRESS

**NOW COMES** the Defendant, **DANIEL WILSON TESTERMAN**, by and through his attorney, **GEORGE J. COSENZA**, and moves the Court, pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure, to suppress the introduction into evidence, for any purposes, all of the evidence and the fruits therefrom seized from the Defendant's home pursuant to that certain search warrant dated August 27, 2003 (hereinafter referred to as Search Warrant I) on the following grounds:

    1.    The affidavit in support of the issuance of the search warrant does not establish probable cause or sufficient grounds for the issuance of said warrant.

The affidavit executed by Chief Ritchie County Deputy M. D. Kelly, in support of the search warrant, alleges that Amy Workman received several obscene photographs by e-mail and that she recognized the person depicted in the e-mails as the Defendant. The affidavit does not set forth the nature of the photographs or how they were obscene. It fails to state the date the e-mails were sent or received. It fails to state where the e-mails originated or that they were sent from a computer located in the Defendant's home. Finally, the allegations in the affidavit do not support that a crime had been committed to-wit: (a) West Virginia Code 61-3C-14(a)(1) does not exist and

(b) West Virginia Code 61-3C-14a(a)(1) makes it unlawful for any person with the intent to harass or abuse another person to use a computer to make contact with another without disclosing his or her identity.  The affidavit acknowledges that Amy Workman knew the identity of the person in the photographs.

    2.   The law enforcement officers conducting the search seized property not authorized by the warrant.

    The search warrant only authorized officers to seize records contained <u>within</u> any personal computer's hard drive and memory as well as all software which may have been used in connection with and to facilitate the above crimes.

    None of the property seized pursuant to the warrant (see property receipt) fit the description contained therein, except the eight (8) - 3-1/2" diskettes.

    The Defendant further moves the Court to suppress the introduction into evidence, for any purposes, all of the evidence and the fruits therefrom seized from the Defendant's home pursuant to that certain search warrant dated August 29, 2003 on the following grounds:

    1.   The search warrant fails to describe the place to be searched.

    2.   The affidavit used to support the issuance of the above-cited search warrant is based upon the issuance of a previous search warrant (Search Warrant I) which was in violation of West Virginia law.

    The Defendant further moves the Court to suppress the introduction into evidence, for any purposes, all of the evidence and the fruits therefrom seized from the Defendant's home pursuant to that second certain search warrant dated August 29, 2003 on the following grounds:

    1.   The affidavit used to support the issuance of the above-cited search warrant is based upon the issuance of a previous search warrant (Search Warrant I) which was in violation of West

Virginia law.

     2.    The search warrant only authorized the seizure of a computer <u>not</u> a "bedding light in color with tan or yellow cartoon animals, believed to be a lion".

     See attached Memorandum of Law in support of Defendant's Motion.

     Dated this _____ day of February, 2005.

**George J. Cosenza - WV Bar No. 833**
**COSENZA & MERRIMAN, PLLC**
**515 Market Street - P.O. Box 4**
**Parkersburg, WV   26102**
**(304) 485-0990**
**Counsel for Defendant**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Criminal No. 1:05 CR 04

DANIEL WILSON TESTERMAN,

        Defendant.

## MEMORANDUM IN SUPPORT OF DEFENDANT,
## DANIEL WILSON TESTERMAN'S, MOTION TO SUPPRESS

### FACTS

On January 5, 2005, the Defendant, Daniel Wilson Testerman, was charged in a four count indictment with knowingly possessing and receiving child pornography in violation of 18 U.S.C. §2252A(a)(5)(B) and 18 U.S.C. §2252A(a)(2)(A)[1]. The Defendant, at all times hereto, has been a resident of Ritchie County, West Virginia.

On August 27, 2003, a search warrant was issued by Ritchie County Magistrate David Wayne Haugh. A copy of said search warrant and accompanying affidavit is attached hereto, marked Exhibit "A", and incorporated herein by reference. The affidavit authored by Chief Deputy M. D. Kelly alleged that a crime had been committed because of the transmission of obscene

---

[1] The Defendant was previously charged by indictment in the Circuit Court of Ritchie County, West Virginia, with one (1) count of sexual assault in the first degree, one (2) count of sexual abuse by a parent, guardian or custodian, one (1) count of incest, one (1) count of obscene, anonymous, harassing and threatening communications by computer, and one hundred seventy two (172) counts of possessing material depicting minors in sexually implicit conduct. The sexual assault and incest counts were severed from the indictment. The Defendant first proceeded to trial on the remaining one hundred seventy-three counts. A mistrial was declared by the court after the opening statement by the prosecution. The entire indictment was subsequently dismissed in favor of the federal indictment returned in this matter.

material by computer to Amy Workman with the intent to harass or abuse said individual and sought the seizure of any and all records contained within any personal computers, hard drive and memory as well as all software which may have been used in connection with said crime. The sole basis in the affidavit to establish probable cause for the issuance of the warrant was that "Amy Workman received several obscene photographs by e-mail. She recognized the person depicted in said obscene photographs as being Daniel Testerman."

Based upon the affidavit, the Magistrate issued the search warrant causing law enforcement officers to seize the property detailed on the property receipt attached hereto, marked Exhibit "B", and incorporated herein by reference.

On August 29, 2003, another application for a search warrant was made by Chief Deputy Kelly. It appears that while reviewing the material on the computer that had been seized pursuant to the previous search warrant (Exhibit "A"), the police found images they believed to be Amy Workman's three year old daughter engaging in sexual activity with an adult male. The warrant and affidavit are attached hereto as Exhibit "C", and incorporated herein by reference. Pursuant to said arrest, the police seized property (which was already in their possession by virtue of the first search warrant) listed on the property receipt, attached hereto, marked Exhibit "D", and incorporated herein by reference.

Later on August 29, 2003, another application for a search warrant was made by Chief Deputy Kelly. Again during the time that law enforcement was viewing the material on the computer seized pursuant to the first search warrant (Exhibit "A"), they identified Ms. Workman's three year old daughter, A.D.W., "as one of the images depicted on the computer engaged in sexual activity with an adult male lying on bedding light in color with tan or yellow cartoon animals,

-2-

believed to be a lion". Based upon Chief Deputy Kelly's affidavit, a search warrant was issued by

Ritchie County Magistrate Teresa P. Harper authorizing the State of West Virginia to "search

forthwith the computer above described and all appurtenances appertaining thereto for the property

above specified, to seize such property and bring same before me to be dealt with according to

law". A copy of the affidavit and search warrant are attached hereto, marked Exhibit "E", and

incorporated herein by reference. A copy of the property receipt is attached hereto, marked Exhibit

"F", and incorporated herein by reference.

The Defendant seeks to suppress all of the evidence seized and the fruits therefrom pursuant

to the search warrants issued by the Ritchie County Magistrate Court.

## STANDARD OF REVIEW

The validity of a search warrant obtained by state offices is to be tested by the requirements

of the Fourth Amendment of the U.S. Constitution, not by state law standards, when the

admissibility of evidence in federal court is at issue. *United States v. Clyburn, 24 F.3d 613 (4th Cir.*

*1994).*

## DISCUSSION OF LAW

The Fourth Amendment of the U.S. Constitution requires that search warrants (1) be issued

by a neutral and detached magistrate, (2) be based upon probable cause supported by oath, and (3)

contain a particular description of the place to be searched and the things to be seized. *United*

*States v. Clutchette, 24 F.3d 577 (4th Cir. 1994); Dalia v. United States, 441 U.S. 238, 99 S.Ct.*

*1682, 60 L.Ed.2d 177 (1979).*

Probable cause is 'a fluid concept–turning on the assessment of probabilities in particular

factual contexts–not readily, or even usefully, reduced to a neat seat of legal rules.' *Illinois v.*

-3-

*Gates*, 462 U.S. 213, 232, 103 S. Ct. 2317, 76 L.Ed.2d 527 (1983).  It 'depends on the totality of

the circumstances', *Maryland v. Pringle*, 540 U.S. 366, ----, 124 S. Ct. 795, 800, 157 L.Ed. 2d 769

(2003), and exists (in the context of a search) 'where the known facts and circumstances are

sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a

crime will be found.' *Ornelas v. United States*, 517 U.S. 690, 696, 16 S.Ct. 1657, 134 L.Ed.2d 91

(1996).  The probable cause standard does not 'require officials to possess an airtight case before

taking action.  The pieces of an investigative puzzle will often fail to neatly fit, and officers must

be given leeway to draw reasonable conclusions from confusing and contradictory information.'

*Taylor v. Farmer*, 13 F.3d 117, 121 (4th Cir. 1993).

  The Supreme Court has cautioned that questions of reasonableness under the Fourth

Amendment must be decided on the facts and circumstances of each case, and that seldom will one

determination be a useful precedent for another.  See *Ornelas v. United States, supra.*

  Although '[t]he Fourth Amendment contains no provision expressly precluding the use of

evidence obtained in violation of its commands, the Supreme Court adopted the exclusionary rule

'to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth

Amendment against unreasonable searches and seizures.' *United States v. Calandra*, 414 U.S. 338,

347, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974).  Generally, the exclusionary rule provides that 'evidence

obtained in violation of the Fourth Amendment cannot be used in a criminal proceedings against

the victim of the illegal search and seizure,' *id.*, and it 'reaches not only primary evidence obtained

as a direct result of an illegal search or seizure, but also evidence later discovered and found to be

derivative of an illegality or "fruit of the poisonous tree." ' *Segura v. United States*, 468 U.S. 796,

804, 104 S.Ct. 3380, 82 L.Ed. 2d 599 (1984)

-4-

The affidavit in support of the issuance of the August 27, 2003 search warrant (Exhibit "A")

does not establish sufficient probable cause as required by federal law.  The affidavit begins by

alleging that a crime has been committed, i.e., a violation of West Virginia Code §61-3C-14(a)(1)[2];

> (a)   It is unlawful for any person, with the intent to harass or abuse
> another person, to use a computer to:
>
> (1)      make contact with another without disclosing his or her
> identity with the intent to harass or abuse;

The issue of transmitting obscene material is not addressed until later in the statute in

subparagraph (4):

> (4)      Cause obscene material to be delivered or transmitted to a
> specific person after being requested to desist from sending such
> material.

Obscene material is defined in the statute as follows:

> For purposes of this section, 'obscene material' means material that:
>
> (A) An average person, applying contemporary adult community
> standards, would find, taken as a whole, appeals to the prurient
> interest, is intended to appeal to the prurient interest, or is pandered
> to a prurient interest;
>
> (B) An average person, applying contemporary adult community
> standards, would find depicts or describes, in a patently offensive
> way, sexually explicit conduct consisting of an ultimate sexual act,
> normal or perverted, actual or simulated, an excretory function,
> masturbation, lewd exhibition of the genitals, or sadomasochistic
> sexual abuse; and
>
> (C) A reasonable person would find, taken as a whole, lacks literary,
> artistic, political or scientific value.

---

[2]

The actual West Virginia statute is 61-3C-14a; entitled Obscene, Anonymous, Harassing and Threatening
Communications by Computer.

Chief Deputy Kelly's affidavit states that the aforementioned statute was violated because "Amy Workman received several obscene photographs by e-mail" and "she recognized the person depicted in said obscene photographs as being Daniel Testerman".

The photographs in question were never shown to the magistrate to determine whether they met the definition of obscenity required by the statute. Amy Workman never appeared before the magistrate to testify or provided an affidavit regarding the photographs. In addition, the affidavit is silent as to the nature of the photographs and how they were obscene and when they were transmitted. Finally, there is no allegation or information provided the magistrate that Ms. Workman was harassed or abused by the photograph or that she had requested Mr. Testerman to desist from sending such material.[3]

The law is clear that the sufficiency of the affidavit to support the issuance of a search warrant is limited to the affidavit itself when no other information is presented to the magistrate. *Whitley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971)*.

The hearsay information presented to the magistrate in Chief Deputy Kelly's affidavit was conclusory, i.e., that the photos sent to Ms. Workman were obscene. Such language is not sufficient to establish the requisite probable cause to issue a search warrant. *Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 1, 78 L.Ed. 2d 159 (1933)*. As the Supreme Court in *Illinois v. Gates, supra*, stated:

> As in *Nathanson*, this is a mere conclusory statement that gives the magistrate virtually no basis at all for making a judgment regarding probable cause. Sufficient information must be presented to a magistrate to allow that officials to determine probable cause; his

---

[3] The photographs are of a nude male shown from the neck down and are <u>not</u> photographs of Mr. Testerman.

-6-

action cannot be a mere ratification of the conclusions of others. In order to insure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued.

Based upon the foregoing, the evidence and the results therefrom seized by virtue of said search warrant (Exhibit "A") must be excluded from being used as evidence in the trial of the above-cited matter.

## II

The Defendant will now address the August 29, 2003 search warrant, attached hereto Exhibit "C". The necessity for this warrant was the result of the seizure of the computer and other items from the Testerman home pursuant to the August 27, 2003 warrant hereinbefore addressed.[4] Its basis was the apparent discovery of an image of a child identified as Amy Workman's daughter engaged in sexual activity with an adult male. Neither the affidavit nor the search warrant contain a particular description of the place to be searched.

It is the requirement of the Fourth Amendment that a search warrant contain a description of the place to be searched. The test for determining the sufficiency of the descripton of the place to be searched is whether the place to be searched is described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched. *Steele v. United States, 267 U.S. 498, 45 S.Ct. 414 (1925).* Requiring particularity in a search warrant serves the important function of preventing general searches and affording written assurance to the

---

[4] To the extent the issuance of this search warrant relies upon information contained in the affidavit of the August 27, 2003 search warrant, the Defendant reiterates his argument relating to same as support for the suppression of the warrant addressed herein.

individual whose property is searched or seized of the lawful authority of the executing officer, his need to search and the limits of his power to search. *Owens ex rel.  Owens v. Cott, 372 F.2d 267 (4th Cir. 2004).*

In the case at bar, there was no description in the search warrant as to the place to be searched rendering the warrant invalid.

### III

The last argument addresses the second search warrant issued on August 29, 2003 attached hereto as Exhibit "E".[5]   Here, the purpose of the affidavit was to allow the seizure of "bedding light in color with tan or yellow cartoon animals believed to be a lion".  The search warrant issued pursuant to said affidavit <u>only</u> allowed the seizure of a computer.  A search warrant was never issued allowing the seizure of the bedding and therefore it should be excluded for use of evidence at trial.

Dated this _____4th_____ day of February, 2005.

George J. Cosenza - WV Bar No. 833
COSENZA & MERRIMAN, PLLC
515 Market Street - P.O. Box 4
Parkersburg, WV   26102
(304) 485-0990
**Counsel for Defendant**

---

[5]

Again, to the extent this warrant was issued in reliance of the affidavit supporting the search warrant issued on August 27, 2003, the Defendant reiterates the argument by reference to Section I herein.

-8-

AFFIDAVIT AND COMPLAINT FOR SEARCH WARRANT


STATE OF WEST VIRGINIA,

COUNTY OF RITCHIE, TO-WIT:


This day personally appeared before the undersigned, a Magistrate for said county, CHIEF DEPUTY M. D. KELLY, who, after being first duly sworn, upon his oath says:

That on the ____ day of December, 2002, and prior to the making of this Complaint, in the said County of Ritchie, DANIEL TESTERMAN, did unlawfully, with intent to harass or abuse AMY WORKMAN, by using a computer to make contact with the said AMY WORKMAN, without disclosing his identity causing obscene material to be delivered or transmitted in violation of WVa Code 61-3C-14(a)(1), and that the affiant has cause to believe and does believe that property, designed and intended for use which is and has been used as a means of committing such criminal offense, kept, concealed, possessed, designed and intended for use which is and has been used in violation of the criminal laws of the State as evidence of a crime, namely, any and all records contained within any personal computer's hard drive and memory as well as all software which may have been used in connection with and to facilitate the above crimes is concealed in the residence of DANIEL TESTERMAN and MISSY TESTERMAN located at Route 1, Box 136B,

EXHIBIT

"A"

Washburn Street, Harrisville, WV 26362, being a one story, vinyl sided home, yellow in color, with attached garage and that the facts for such belief are that AMY WORKMAN received several obscene photographs by e-mail. She recognized the person depicted in said obscene photographs as being DANIEL TESTERMAN.

Chief Deputy M. D. Kelly
CHIEF DEPUTY M. D. KELLY
COMPLAINANT

Taken, subscribed and sworn to before me this the 27 day of August, 2003.

DAVID WAYNE HAUGH
MAGISTRATE

NOTE: W.Va. Code §62-1A-4 provides specifically that a warrant may be executed and returned only within 10 days after its date.

SEARCH WARRANT


STATE OF WEST VIRGINIA,

COUNTY OF RITCHIE, TO-WIT:


TO THE SHERIFF OR ANY DEPUTY SHERIFF OF THE COUNTY, TO ANY MEMBER OF THE DEPARTMENT OF PUBLIC SAFETY, OR TO ANY POLICE OFFICER AUTHORIZED BY LAW TO EXECUTE SEARCH WARRANTS.

Whereas, CHIEF DEPUTY M. D. KELLY, has this day made complaint on oath before the undersigned, Magistrate of Ritchie County, West Virginia, that on the ___ day of December, 2002, and prior to the issuance of this warrant, in the said County of Ritchie, DANIEL TESTERMAN, did unlawfully with intent to harass or abuse AMY WORKMAN, by using a computer to make contact with the said AMY WORKMAN, without disclosing his identity causing obscene material to be delivered or transmitted in violation of WVa Code 61-3C-14(a)(1), and that the affiant has cause to believe and does believe that property, designed and intended for use which is and has been used as a means of committing such criminal offense, kept, concealed, possessed, designed and intended for use which is and has been used in violation of the criminal laws of the State as evidence os a crime, namely, any and all records contained within any personal computer's hard drive and memory as well as all software which may have been used in connection with and to facilitate the above crimes is concealed in the residence of DANIEL

TESTERMAN and MISSY TESTERMAN located at Route 1, Box 136B, Washburn Street, Harrisville, WV 26362, being a one story, vinyl sided home, yellow in color, with attached garage and that the grounds for probable cause for the issuance of this warrant are as follows:  That AMY WORKMAN received several obscene photographs by e-mail.  She recognized the person depicted in said obscene photographs as being DANIEL TESTERMAN, that the name of the person whose affidavit has been taken in support of the issuance of this warrant is:

Chief Deputy M.D. Kelly

CHIEF DEPUTY M. D. KELLY

You are therefore, commanded in the name of the State of West Virginia to search forthwith the computer above described and all appurtenances appertaining thereto for the property above specified, to seize such property and bring the same before me to be dealt with according to law.

Given under my hand this the _27_ day of August, 2003.

DAVID WAYNE HAUGH

MAGISTRATE

EXECUTED THIS 28th DAY OF _August_, 2003.

NOTE:  W.Va. Code 562-1A-4 provides specifically that a warrant may be executed and returned only within 10 days after its date.

## PROPERTY RECEIPT

I, the undersigned, did execute the within warrant, on the _28th_ day of _August_ , 20 _03_,

time: _1615 hrs_ A.M -P.M., by searching the premises therein described.

The following is an inventory of the property seized, hereby receipted:

1- CPU unit e e machine    SN @ AA09E0061191
1- EMC Systems monitor    SN FRSU092644704 Model #772
1- Visioneer Scanner  Model #6200    SN043A005413D1
1- E machine Keyboard    SN K07124933
1- Epson Photo 875 DC Printer   SN CEP0024997
1- Radio Shack mouse   SN 20011755
8- 3½" diskettes
1- Concord DUA 2000 digital camera    SN U1031913

Dated this _28th_ day of _August_ , 20 _03_.      _Michael R Kelly_
                                                   (Officer)

EXHIBIT
"B"

Receipt of a copy of the within warrant is hereby acknowledged along with the inventory of the property taken as above listed.

Dated this the _28_ day of _August_      time: _____ A.M/P.M.

_Melissa L Yoxtomian_
(Person from whose premises the property was taken)

SCA-M28
1st copy - Returned

5

## AFFIDAVIT AND COMPLAINT FOR SEARCH WARRANT

STATE OF WEST VIRGINIA,
COUNTY OF RITCHIE, TO-WIT:

This day personally appeared before the undersigned, a Magistrate for said County, **CHIEF DEPUTY M. D. KELLY**, who, after being first duly sworn, upon his oath says:

That between **December ___, 2002, and August 20, 2003,** and prior to the making of this Complaint, in the said County of Ritchie, **DANIEL TESTERMAN**, did unlawfully and feloniously engage in sexual contact and sexual intrusion. with A.D.W. while she was under his care, custody or. control in violation of WVa Code 61-8D-5(a), and that the affiant has cause to believe and does believe that property, kept, concealed, which is and has been used in violation of the criminal laws of the State as evidence of a crime, namely, any and all internal records contained within the hard drive and memory as well as all software of that certain emachine etower 600is personal computer Serial Number: QAA09E0061191 relating to children engaged in sexual activity or any other crime and that the facts for such belief are that after obtaining a Search Warrant to search for the photographs e-mailed to Amy Workman, the said Amy Workman identified her three year old daughter, A. D. W., as one of the images depicted on the computer engaged in sexual activity with an adult male.

Chief Deputy M.D. Kelly
**CHIEF DEPUTY M. D. KELLY**
**COMPLAINANT**

Taken, subscribed and sworn to before me this the 29th day of August, 2003.

Teresa P. Kasper
**MAGISTRATE**

NOTE:      WVa Code 62-1A-4 provides specifically that a warrant may be executed and returned only within 10 days after its date.

**EXHIBIT**

**"C"**

**SEARCH WARRANT**

STATE OF WEST VIRGINIA,

COUNTY OF RITHCIE, TO-WIT:

TO THE SHERIFF OR ANY DEPUTY SHERIFF OF THE COUNTY, TO ANY MEMBER OF THE DEPARTMENT OF PUBLIC SAFETY, OR TO ANY POLICE OFFICER AUTHORIZED BY LAW TO EXECUTE SEARCH WARRANTS.

Whereas, CHIEF DEPUTY M. D. KELLY, has this day made complaint on oath before the undersigned, Magistrate of Ritchie County, West Virginia, that between December ___, 2002, and August 20, 2003, and prior to the issuance of this warrant, in the said County of Ritchie, **DANIEL TESTERMAN**, did unlawfully and feloniously engage in sexual contact and sexual intrusion with A.D.W. while she was under his care, custody or control in violation of WVa Code 61-8D-5(a), and that the affiant has cause to believe and does believe that property, kept, concealed, which is and has been used in violation of the criminal laws of the State as evidence of a crime, namely, any and all internal records contained within the hard drive and memory as well as all software of that certain emachine etower 600is personal computer Serial Number: QAA09E0061191 relating to children engaged in sexual activity or any other crime and that the grounds for probable cause for the issuance of this warrant are as follows: That after obtaining a Search Warrant to search for the photographs e-mailed to Amy Workman, the said Amy Workman identified her three year old daughter, A. D. W., as one of the images depicted on the computer engaged in sexual activity with an adult male, that the name of the person whose affidavit has been taken in support of the issuance of this warrant is:

Chief Deputy M. O. Kelly

**CHIEF DEPUTY M. D. KELLY**

You are therefore, commanded in the name of the State of West Virginia to search forthwith the computer above described and all appurtenances appertaining thereto for the property above specified, to seize such property and bring the same before me to be dealt with according to law.

Given under my hand this the 27th day of August, 2003.

_____
MAGISTRATE

EXECUTED THIS 24th DAY OF August _____, 2003.

_____

NOTE:   WVa Code 62-1A-4 provides specifically that a warrant may be executed and returned only within 10 days after its date.

## PROPERTY RECEIPT

I, the undersigned, did execute the within warrant, on the _29th_ day of _August_ _____, 20 _03_,

time: _1535 hrs_ A.M.-(P.M.), by searching the premises therein described.

The following is an inventory of the property seized, hereby receipted:

1 - e machine  tower    SN: QAA0GE060191   hard drive

EXHIBIT
"D"

Dated this _29th_ day of _August_ _____, 20 _03_.      _Michael O. Kelly_
(Officer)

Receipt of a copy of the within warrant is hereby acknowledged along with the inventory of the property taken as
above listed.

Dated this the _29_ day of _August_ _____, time: _____ A.M.-P.M.

_Melissa L. Yesterman_
(Person from whose premises the property was taken)

SEARCH WARRANT


STATE OF WEST VIRGINIA,
COUNTY OF RITHCIE, TO-WIT:


TO THE SHERIFF OR ANY DEPUTY SHERIFF OF THE COUNTY, TO ANY MEMBER OF THE DEPARTMENT OF PUBLIC SAFETY, OR TO ANY POLICE OFFICER AUTHORIZED BY LAW TO EXECUTE SEARCH WARRANTS.

Whereas, **CHIEF DEPUTY M. D. KELLY**, has this day made complaint on oath before the undersigned, Magistrate of Ritchie County, West Virginia, that between December ___, 2002, and August 20, 2003, and prior to the issuance of this warrant, in the said County of Ritchie, **DANIEL TESTERMAN**, did unlawfully and feloniously engage in sexual contact and sexual intrusion with A.D.W. while she was under his care, custody or control in violation of WVa Code 61-8D-5(a), and that the affiant has cause to believe and does believe that property, kept, concealed, which is and has been used in violation of the criminal laws of the State as evidence of a crime, namely, that certain bedding light in color with tan or yellow cartoon animals, believed to be a lion, which may have been used in connection with and to facilitate the above crime is concealed in the residence of **DANIEL TESTERMAN** and **MISSY TESTERMAN** located at Route 1, Box 136B, Washburn Street, Harrisville, Ritchie County, WV 26362, being a one story, vinyl sided home, yellow in color, with attached garage and that the grounds for probable cause for the issuance of this warrant are as follows:  That after obtaining a Search Warrant to search for the photographs e-mailed to Amy Workman, the said Amy Workman identified her three year old daughter, A. D. W., as one of the images depicted on the computer engaged in sexual activity with an adult male, that the name of the person whose affidavit has been taken in support of the issuance of this warrant is:


Chief Deputy M. D. Kelly
CHIEF DEPUTY M. D. KELLY

EXHIBIT
"E"

You are therefore, commanded in the name of the State of West Virginia to search forthwith the computer above described and all appurtenances appertaining thereto for the property above specified, to seize such property and bring the same before me to be dealt with according to law.

Given under my hand this the 29th day of August, 2003.

_____

**MAGISTRATE**

EXECUTED THIS 29th DAY OF August _____, 2003.

_____

**NOTE:**    WVa Code 62-1A-4 provides specifically that a warrant may be executed and returned only within 10 days after its date.

SEARCH WARRANT

**COPY**

STATE OF WEST VIRGINIA,
COUNTY OF RITHCIE, TO-WIT:

TO THE SHERIFF OR ANY DEPUTY SHERIFF OF THE COUNTY, TO ANY MEMBER OF THE DEPARTMENT OF PUBLIC SAFETY, OR TO ANY POLICE OFFICER AUTHORIZED BY LAW TO EXECUTE SEARCH WARRANTS.

Whereas, **CHIEF DEPUTY M. D. KELLY**, has this day made complaint on oath before the undersigned, Magistrate of Ritchie County, West Virginia, that between December ___, 2002, and August 20, 2003, and prior to the issuance of this warrant, in the said County of Ritchie, **DANIEL TESTERMAN**, did unlawfully and feloniously engage in sexual contact and sexual intrusion with A.D.W. while she was under his care, custody or control in violation of WVa Code 61-8D-5(a), and that the affiant has cause to believe and does believe that property, kept, concealed, which is and has been used in violation of the criminal laws of the State as evidence of a crime, namely, that certain bedding light in color with tan or yellow cartoon animals, believed to be a lion, which may have been used in connection with and to facilitate the above crime is concealed in the residence of **DANIEL TESTERMAN** and **MISSY TESTERMAN** located at Route 1, Box 136B, Washburn Street, Harrisville, Ritchie County, WV  26362, being a one story, vinyl sided home, yellow in color, with attached garage and that the grounds for probable cause for the issuance of this warrant are as follows:  That after obtaining a Search Warrant to search for the photographs e-mailed to Amy Workman, the said Amy Workman identified her three year old daughter, A. D. W., as one of the images depicted on the computer engaged in sexual activity with an adult male, that the name of the person whose affidavit has been taken in support of the issuance of this warrant is:

Chief Deputy M. D. Kelly

CHIEF DEPUTY M. D. KELLY

You are therefore, commanded in the name of the State of West Virginia to search forthwith the computer above described and all appurtenances appertaining thereto for the property above specified, to seize such property and bring the same before me to be dealt with according to law.

Given under my hand this the 29th day of August, 2003.


_____

**MAGISTRATE**



EXECUTED THIS _____ DAY OF _____, 2003.



_____



NOTE:        WVa Code 62-1A-4 provides specifically that a warrant may be executed and returned only within 10 days after its date.

## PROPERTY RECEIPT

I, the undersigned, did execute the within warrant, on the _29th_ day of _August_ _____, 20_03_,

time: _1525 hrs_ A.M.-P.M., by searching the premises therein described.

The following is an inventory of the property seized, hereby receipted:

1- light colored quilt with flower print

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Dated this _29th_ day of _August_ _____, 20_03_.    _Michael D. Kelly_

(Officer)

> EXHIBIT
>
> "F"

Receipt of a copy of the within warrant is hereby acknowledged along with the inventory of the property taken as above listed.

Dated this the _29_ day of _August_ _____, time: _____ A.M.-P.M.

_Melissa L Oosterman_

(Person from whose premises the property was taken)

4

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant, **DANIEL WILSON TESTERMAN**, hereby certifies that he served the foregoing **MOTION TO SUPPRESS and MEMORANDUM OF LAW** upon the Plaintiff, **UNITED STATES OF AMERICA**, by depositing a true copy thereof in the United States mail, postage prepaid, addressed to Thomas E. Johnston, United States Attorney, Clarksburg Federal Center, 320 West Pike Street, Suite 300, Clarksburg, West Virginia, 26301-2710 on this ___4___ day of February, 2005.

George J. Cosenza - WV Bar No. 833
**COSENZA & MERRIMAN, PLLC**
**515 Market Street - P.O. Box 4**
**Parkersburg, WV   26102**
**(304) 485-0990**
**Counsel for Defendant**