IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FILED
APR 2 1 2005
U S. DISTRICT COURT
ELKINS WV 26241

UNITED STATES OF AMERICA,
Plaintiff,

v.                                                              Criminal No. 1:05CR4

DANIEL WILSON TESTERMAN
Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS TO SUPPRESS

Now comes the United States of America, and Thomas E. Johnston, United States Attorney for the Northern District of West Virginia, by Sherry L. Muncy, Assistant United States Attorney, and supplements its original response to the defendant's motion to suppress the search warrants issued in the above styled case. Because this is a state search warrant which is being analyzed in federal court, neither the State Rules of Criminal Procedure nor the Federal Rules of Criminal Procedure apply to the analysis. In *United States v. Clyburn*, 24 F.2d 613, 616 (4th Cir. 1994) the court held that where no federal officers are involved in the state search until after the search warrant had been executed "the procedural requirements of Rule 41 are not applicable." In accord *United States v. Henry*, 931 F. Supp. 452, 453 (S.D.W.Va.1996)(holding "because the search warrant in this case was not issued at the request of a federal law enforcement officer or an attorney for the Government, Fed. R. Crim. P. 41 governing issuance of search warrants does not apply.") Thus, only the Fourth Amendment governs the admissibility of the evidence derived from the search in this case.

The above-styled case was adopted by the federal government based on an investigation by Deputy Michael Kelly, Ritchie County Sheriff's Office. Deputy Kelly received a complaint from the Department of Health and Human Services, State of West Virginia. The complaint

contained allegations of child abuse by the defendant against a child, hereinafter AW. As developed at the evidentiary hearing, Deputy Kelly pursued his investigation of both the child abuse and also allegations made to him by the mother of the child that she had received naked pictures of the defendant over the internet. The officer interviewed the complainant on three occasions, looked at the picture of the naked man, asked the county prosecutor for advice and only then went to the Magistrate to obtain a search warrant. In addition, Deputy Kelly obtained a warrant for the arrest of the defendant for harassing phone calls. He not only provided the Magistrate with testimony to support the search warrant, but the Magistrate also gave him an arrest warrant for a crime commited by computer. The information presented to the Magistrate must be viewed by a test of the "totality of the circumstances". *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Upon review, the probable cause determination made by the magistrate should be shown "great deference". *United States v. Blackwood*, 913 F.2d 139, 142 (4rth Cir. 1990).

At the evidentiary hearing, it became obvious that Deputy Kelly's knowledge of a computer was quite limited. As he testified, the thrust of his investigation was the naked picture of the defendant received over the internet and that was what he had obtained a search warrrant to find. He took the entire computer and everything attached to it, to obtain the evidence. In the course of reviewing the computer for the picture, he heard a scream. There on that computer was a picture of a very small girl performing oral sex on a male. The small girl looked like AW, the victim of the child abuse. Deputy Kelly then returned to the Magistrate to get another search warrant for the computer based on this knowledge. He testified that on this occasion he showed the picture of the small child to the Magistrate, then obtained search warrant number two.

Assuming, arguendo, that the magistrate erred in finding probable cause to issue the search warrants, the evidence obtained therefrom is still admissible. *United States v. Leon*, 468 U.S. 897

(1983) has held that the exclusionary rule should not be applied so as to bar the use in the prosecution's case in chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate, even if the warrant is ultimately found to be invalid. The "prime purpose" of the judicially created exclusionary rule is "to deter future unlawful police conduct". *United States v. Calandra*, 414 U.S. 338, 347 (1974) quoting *Leon*. The United States submits that even if probable cause was lacking, the good faith of the officer in pursuance of the search warrants, and the total and utter lack of unlawful police conduct support the admission of all evidence at trial. "Under the good faith exception to the warrant requirement, evidence obtained from an invalidated search warrant will be suppressed only if the officers were dishonest or reckless in preparing their affidavit or could not have habored an objectively reasonable belief int he existence of probable cause." *United States v. Lalor*, 996 F.2d 1578, 1583 94rth Cir. 1993), also quoting *Leon*. There are "four situations in which an officer's reliance on a search warrant would not be reasonble," that is where the "good faith exception" would not apply: (1) The magistrate was misled by information in an affidavit that the officer knew was false or would have known was false except for the officer's reckless disregard of the truth: (2) the magistrate wholly abandoned his detached and neutral judicial role; (3) the warrant was based on an affidavit that was so lacking in indicia of problable cause as to render official belief in its existence entirely unreasonable; and (4) the warrant was so facially deficient, by failing to particularize the place to be searched or the things to be seized, that the executing officers could not reasonably presume it to be valid. *United States v. Hyppolite*, 65 F.3d 1151, 1156 (4th Cir. 1995) also quoting *Leon*.

In the case of *United States v. Wilhelm*, 80 F.3d 116 (4th Cir. 1996) the Court would not apply the good faith exception because of the 'bare bones' nature of the affidavit, and because the

state magistrate could not have acted as other than a 'rubber stamp' in approving the affidavit. In *Wilhelm*, the sum total of the affidavit was that an informant had told the officer that the defendant was dealing in drugs. In this case, the Magistrate was aware of the circumstances of the crime to such an extent that he also found probable cause that the defendant had committed the crime and issued a criminal complaint and a warrant for the arrest of the defendant. Clearly the Magistrate in this case was not merely a "rubber stamp" for the police officer and the police officer acted in good faith.

WHEREFORE, the United States moves that the defendant's motions to suppress be denied.

Respectfully submitted,

UNITED STATES ATTORNEY
Thomas E. Johnston

By: _____
Sherry L. Muncy, AUSA

## CERTIFICATE OF SERVICE

I, Sherry L. Muncy, Assistant United States Attorney for the Northern District of West Virginia, do hereby certify that a copy of the foregoing GOVERNMENT'S SUPPLEMENTAL RESPONSE TO THE DEFENDANT'S MOTION TO SUPPRESS was served upon counsel for the defendant, Daniel Wilson Testerman, by first class mail addressed to:

George J. Cosenza
Cosenza & Merriman, PLLC
515 Market Street
P. O. Box 4
Parkersburg, WV 26102.

Dated: April 21 2005

Sherry L. Muncy, AUSA