FILED
MAY 11 2005
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Criminal No. 1:05 CR 04**

**DANIEL WILSON TESTERMAN,**

**Defendant.**

**OBJECTIONS TO REPORT AND RECOMMENDATION**
**DENYING MOTION TO SUPPRESS/OPINION**

Now comes the Defendant, **DANIEL WILSON TESTERMAN**, by and through his attorney, **GEORGE J. COSENZA**, and hereby files his objections to the Report and Recommendation of the Honorable John S. Kaull, United States Magistrate Judge, submitted on the 28th day of April, 2005:

**I.**

1. The "good faith exception" established in *U.S. v. Leon, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984)* should not apply in assessing the issuance of the search warrants in the above-cited matter on the grounds that:

(a) The material sought to be seized by the search warrants was obscene material which requires that a judicial determination be made regarding said material prior to the issuance of a search warrant; and

(b) The warrants were based upon affidavits that were so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

In the memorandum of law and supplement thereto filed by the Defendant in support of his motions to suppress, he addressed the added burden upon law enforcement authority and judges in seeking and issuing a search warrant to seize obscene material. Such was not addressed by

Magistrate Kaull in his report. The undersigned asks the Court to consider same prior to issuing its opinion in this matter.

In *Marcus v. Search Warrants, 367 U.S. 717, 81 S.Ct. 1708, 6 L. Ed. 2d 1127 (1961),* the Supreme Court considered the constitutionality of Missouri's procedures authorizing the search and seizure of obscene publications. In that case, the investigating officer visited various newsstands and purchased magazines he believed to be obscene. He prepared an affidavit for a search warrant alleging the obscene nature of the publications, but did not attach a copy of the magazines to the affidavit or provide copies of same to the magistrate prior to the issuance of the warrant. The Court held that the seizure of obscene material based upon an officer's representation of its existence and without judicial determination of obscenity, leaves the officer with discretion to determine what should be seized prefatory to judicial determination of obscenity:

> We believe that Missouri's procedures as applied in this case lacked the safeguards which due process demands to assure nonobscene material the constitutional protection to which it is entitled. Putting to one side the fact that no opportunity was afforded the appellants to elicit and contest the reasons for the officer's belief, or otherwise to argue against the propriety of the seizure to the issuing judge, still the warrants issued on the strength of the conclusory assertions of a single police officer, without any scrutiny by the judge of any materials considered by the complainant to be obscene. The warrants give the broadest discretion to the executing officers; they merely repeated the language of the statute and the complaints, specified no publications, and left to the individual judgment of each of the many police officers involved the selection of such magazines as in his view constituted 'obscene * * * publications'. *Marcus, supra, at 732.*

In *A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed. 2d 809 (1964)*, the Supreme Court declared the Kansas procedure for seizing obscene material constitutionally deficient, because the seizure was made prior to affording the owner of the material

a hearing on the question of whether the material was obscene.

In conjunction with the foregoing, in *Lee Art Theatre, Inc. v. Virginia, 392 U.S. 636, 88 S.Ct. 2103, 20 L. Ed. 2d 1313 (1968)*, the Supreme Court again held that a procedure under which there was issued a search warrant, authorizing the seizure of allegedly obscene material [films], solely based upon the affidavit of a police officer without inquiry by the justice of the peace into the factual basis for the officer's conclusions fell short of constitutional requirements demanding necessary sensitivity of freedom of expression.

Continuing the line of these cases, in *Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed. 2d 757 (1973)*, the Supreme Court addressed the foregoing issue again. In that case, the Sheriff of Pulaski County, Kentucky, accompanied by the District Prosecutor, purchased tickets to a local drive-in theater. There the Sheriff observed, in its entirety, a film called "Cindy and Donna" and concluded that it was obscene and that its exhibition was in violation of a state statute. The exhibitor of the film was arrested at the conclusion of the show and the film seized without a warrant. The Court ruled the seizure of the film to be improper and reiterated the requirement of a judicial determination of obscenity prior to the seizure of allegedly obscene material with or without a warrant:

> The film seized in this case was being exhibited at a commercial theater showing regularly scheduled performances to the general public. The seizure proceeded on a police officer's conclusions that the film was obscene. There was no warrant. Nothing prior to the seizure afforded a magistrate an opportunity to 'focus squarely on the question of obscenity'. *Roaden, supra, at 506.*

In *Lo-Ji Sales, Inc. v. New York, 442 U.S. 319, 99 S. Ct. 2319, 60 L.Ed. 2d 920 (1979)*, the Supreme Court took up the issue of seizure of films from an adult bookstore. In that case, a New

York State Police investigator purchased two films from the store and after viewing them and concluding that they violated state obscenity laws, took the films to a town justice, who also viewed the films. Based upon the investigator's affidavit, the judge issued a warrant authorizing the search of the store and seizure of other copies of the two films and similar materials not viewed by the court. Various material was seized pursuant to the warrant. The Supreme Court declared this procedure to be unconstitutional based upon the precedent cited herein. The Court stated:

> Based on the conclusory statement of the police investigator that other similarly obscene materials would be found at the store, the warrant left it entirely to the discretion of the officials conducting the search to decide what items were likely obscene and to accomplish their seizure. The Fourth Amendment does not permit such action. *Roaden, supra, at 325.*

The foregoing principles were reiterated by the Supreme Court as recently as 1989. In *Fort Wayne Books, Inc. v. Indiana, 489 U.S. 46, 109 S.Ct. 916, 103 L. Ed. 2d 34 (1989)*, the Court declared the search of an adult bookstore and the seizure of the material therein to be unconstitutional because there was no judicial determination that the items seized were in fact obscene. The Court stated:

> In a line of cases dating back to Marcus v. Search Warrant, 367 U.S. 717, 81 S. Ct. 1708, 6 L.Ed. 2d 1127 (1961), this court has repeatedly held that rigorous procedural safeguards must be employed before expressive materials can be seized as "obscene"...

In 1981, the Fourth Circuit Court of Appeals took up a similar issue to the one before the Court in *United States v. Espinosa, 641 F.2d 153 (1981)*. The Court reviewed the seizure of obscene materials pursuant to a search warrant. In that case the Court reiterated that only an affidavit that sufficiently states probable cause for the necessity of a search, and wherein the affidavit states the underlying facts which substantiate his conclusion may form the basis for the

issuance of a search warrant. Although the magistrate issuing the warrant did not view the allegedly obscene material, the affidavits of the FBI agents, graphically described the explicit sexual acts depicted in the material sought to be seized and in so doing stated the underlying facts upon which the magistrate himself could independently find probable cause to believe that the magazine was obscene.

In the case before the Court, the only material upon which the magistrate had to base the determination of probable cause was that the alleged victim had received several obscene photographs by e-mail and that she recognized the person depicted in the obscene photographs as Daniel Testerman. There was no description of the photographs or how they were obscene. The magistrate was never shown the photographs to make a judicial determination that they were not obscene. The affidavit was silent as to whether the victim felt abused or harassed or whether the sender of the material failed to disclose his or her identity which makes it a crime under the statute that the affiant believed was violated. There was no information where the information came from, when the information arrived, how the alleged victim recognized the person in the photograph as the defendant, and how the photograph(s) was obscene as defined under West Virginia law. In light of the foregoing line of cases, the issuance of such a warrant and ultimate seizure of the material from the defendant's computer was impermissible under the Fourth Amendment.

Although the undersigned believes the foregoing discussion is enough for the Court to reject the recommendation of Magistrate Kaull, it is important to consider whether the exception in *United States v. Leon, supra*, has any impact which would vitiate the standards set forth by the line of cases decided by the Supreme Court cited herein. A reading of *Leon* certainly does not address the First Amendment concerns involved when seizing allegedly obscene material and does not

overrule the Supreme Court decisions addressing that issue. The undersigned does believe that the affidavit for the search warrants in this case are so insufficient because of their conclusory nature and their failure to describe the obscene material that the *Leon* good faith exception cannot apply in this case. All of the search warrants in this case are based upon the original affidavit and, therefore, it is the position of the undersigned that all of the materials seized from the defendant's home including, but not limited to, the material contained on the hard drives of his computer should be suppressed and should not be permitted to be used for any purpose as evidence during the defendant's trial.

Respectfully submitted this 9th day of May, 2005.

**George J. Cosenza - WV Bar No. 833**
**COSENZA & MERRIMAN, PLLC**
**515 Market Street - P.O. Box 4**
**Parkersburg, WV 26102**
**(304) 485-0990**
**Counsel for Defendant**

**CERTIFICATE OF SERVICE**

The undersigned counsel for Defendant, **DANIEL WILSON TESTERMAN**, hereby certifies that he served the foregoing **OBJECTIONS TO REPORT AND RECOMMENDATION DENYING MOTION TO SUPPRESS/OPINION** upon the Plaintiff, **UNITED STATES OF AMERICA**, by depositing a true copy thereof in the United States mail, postage prepaid, addressed to Sherry Muncie, Assistant United States Attorney, Clarksburg Federal Center, 320 West Pike Street, Suite 300, Clarksburg, West Virginia, 26301-2710 on this 9 day of May, 2005.

**George J. Cosenza - WV Bar No. 833**
**COSENZA & MERRIMAN, PLLC**
**515 Market Street - P.O. Box 4**
**Parkersburg, WV 26102**
**(304) 485-0990**
**Counsel for Defendant**