FILED
MAY 19 2005
U.S. DISTRICT COURT
CLARKSBURG

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
Plaintiff,

v.                                          Criminal No. 1:05CR4

DANIEL WILSON TESTERMAN
Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE REPORT AND RECOMMENDATIONS

On April 28, 2005, Magistrate Judge John S. Kaull filed a Report and Recommendation denying the defendant's Motion to Suppress in the above-styled case. The United States of America, and Thomas E. Johnston, United States Attorney for the Northern District of West Virginia, by Sherry L. Muncy, Assistant United States Attorney, does not object to the Magistrate's findings. The Magistrate Judge properly found that the evidence should be admitted at trial based on the "good faith exception" of *United States v. Leon*, 468 U.S. 897 (1984) and went to great lengths to explain his reasoning. (Magistrate Judge report pages 9-18).

However, the defendant objects and states that the Magistrate Judge erred in this finding. His objection is in two parts. In the first portion of the defendant's objection to the Magistrate's Report, he states in essence that the material sought to be seized was obscene material which requires that a judicial determination be made regarding obscenity. This presupposes that the Magistrate Judge found probable cause. He did not. The Magistrate Judge in fact found that the "search warrant was not sufficient to establish probable cause". (Magistrate Judge Report page 12) and then made the finding that the evidence should be admitted under the *Leon* exception. *United States v. Leon*, 468 U.S.897 (1984). The defendant's first argument solely addresses the probable cause standard for a determination of obscenity, which the Magistrate has already agreed

was inadequate.

The only issue therefore is whether the information presented to the Magistrate "was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" which the Magistrat addressed and denied. (Magistrates Judge Report Pages 15-16). The Magistrate Judge found that the citation to the West Virginia statute which was used as a basis for the search warrant was West Virginia Code §61-3C14a.[1] (Magistrate Judge Report page 4). That section only requires the use of a computer with intent to harass or abuse **OR** to deliver obscene material. Whether or not the material delivered to the victim (the nude picture of the defendant) meets a legal definition of obscenity is inconsequential to a finding of probable cause that the statute was violated. The Magistrate found the testimony of the deputy sheriff that he was directed to "do a complaint for harassment, like harassing phone calls" by the local prosecuting authorities important. (Magistrate Judge Report t- Page 3). While the Magistrate Judge determined that this still did not sufficiently establish probable cause, he did find that this supported the tenet of *Leon* which states that "the affidavit must not be so lacking in sufficient indicia of probable cause so as to render reliance on it totally unreasonable" and thereby invalidate the good faith exception.

The holding of the Magistrate relied on the *Leon* good faith exception. Review of the Magistrate's lengthy findings confirms that the officer acted in good faith. "In fact, the undersigned finds Deputy Kelly's testimony regarding the circumstances of the investigation, the search warrant, and the execution of the search warrant **completely credible**." (Magistrate Report page 14 - emphasis supplied). He repeats that finding at page 16 once again stating that Deputy Kelly was completely credible. The Magistrate reviewed all the testimony and circumstances of

---

[1] The citing of the statute was in error in the original search warrant.

the case. In this case, Deputy Kelly obtained a search warrant to specifically find a photograph. That search revealed child pornography, so the officer went and obtained a second warrant to search for the child pornography. The honest hard work and good faith of the officer impressed the Magistrate as evidenced by his comments on the testimony of the officer in his extensive report. The "prime purpose" of the exclusionary rule is not achieved through the suppression of evidence obtained by "an officer acting with objective good faith" within the scope of a search warrant issued by a Magistrate. *United States v. Leon*, 468 U.S. 897, 920 (1984). The "prime purpose" of the judicially created exclusionary rule is "to deter future unlawful police conduct," *United States v. Calandra*, 414 U.S. 338, 347 (1974). Upon review of the findings as a whole, it is abundantly clear that Deputy Kelly was acting in good faith, and there is no purpose served by suppressing the evidence obtained in this case.

In summary, any response the government could make to the objections by the defendant are already fully addressed and supported by the findings of the Magistrate. The government therefore requests that the Report and Recommendation of Magistrate Kaull be adopted in full.

Respectfully submitted,

UNITED STATES ATTORNEY
Thomas E. Johnston

By: _____
Sherry L. Muncy, AUSA

## CERTIFICATE OF SERVICE

I, Sherry L. Muncy, Assistant United States Attorney for the Northern District of West Virginia, do hereby certify that a copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE REPORT AND RECOMMENDATIONS was served upon counsel for the defendant, Daniel Wilson Testerman, by first class mail addressed to:

George J. Cosenza
Cosenza & Merriman, PLLC
515 Market Street
P. O. Box 4
Parkersburg, WV 26102.

Dated: May 19, 2005

Sherry L. Muncy, AUSA