IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**
JUN 1 3 2005
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

UNITED STATES OF AMERICA,
Plaintiff,

v.

Criminal No. 1:05CR4
(Judge Keeley)

DANIEL WILSON TESTERMAN
Defendant.

### GOVERNMENT'S PROPOSED INSTRUCTIONS

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government moves the Court to instruct the jury on the law as set forth in the instructions which are attached to this motion.

Respectfully submitted,

UNITED STATES OF AMERICA

Thomas E. Johnston
United States Attorney

By: _____
Sherry L. Muncy
Assistant U. S. Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

v.                                                                                    **Criminal No. 1:05CR4**

**DANIEL WILSON TESTERMAN**
        **Defendant.**

### GOVERNMENT'S INSTRUCTION NO. 1

There are two types of evidence from which you may find the truth as to the facts of a case-- direct and circumstantial evidence. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness; circumstantial evidence is proof of a chain of facts and circumstances indicating the guilt or innocence of a defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all the evidence, if you are convinced of the guilt of the defendant beyond a reasonable doubt, you must find him guilty. Conversely, after weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him not guilty.

# GOVERNMENT'S INSTRUCTION NO. 2

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

You may find that the element of possession as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession.

Devitt and Blackmar, Federal Jury Practice and Instructions, 3d Ed., §16.07; U. S. v. Martinez, 588 F.2d 495 (5th Cir. 1979); U.S. v. Smith, 591 F.2d 1105 (5th Cir. 1979)

GOVERNMENT'S INSTRUCTION NO. 3

You will note that the indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Pattern Jury Instructions, Criminal Cases with Case Annotations, U. S. Fifth Circuit District Judges Association, West Publishing Co., 1983, pg.21

GOVERNMENT'S INSTRUCTION NO. 4

Transmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce.

From *United States v. White*, 2 Fed. Appx. 295 (4th Cir. 2001) quoting *United States v. Carroll*, 105 F.3d 740, 742 (1st Cir.1997).

GOVERNMENT INSTRUCTION NO. 5

  The defendant is charged in COUNT 1 of the Indictment with possessing child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B).

> Section 2252A(a)(5)(B) of Title 18 of the United States Code provides that:
> Any person who –
> knowingly possesses any book, magazine, periodical, film, videotape, computer disk or any other material that contains an image of child pornography that has been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials which have been mailed or so shipped or transported in interstate or foreign commerce by any means, including by computer.

Shall violate the laws of the United States.


18 U.S.C. § 2252A(a)(5)(B)

GOVERNMENT'S INSTRUCTION NO. 6

Possession Of Child Pornography
18 U.S.C. § 2252A(a)(5)(B)

Title 18, United States Code, Section 2252A(a)(5)(B), makes it a Federal crime for any person to knowingly possess any child pornography that has been shipped or transported in interstate or foreign commerce, including by computer.

In order for the Defendant to be found guilty of the charge of possessing child pornography in COUNT 1 of the Indictment, the United States must prove each of the following elements beyond a reasonable doubt:

<u>First:</u>   The defendant knowingly possessed a computer or other material containing one or more images of child pornography;

<u>Second:</u>   The defendant knew that the image or images depicted a person under the age of 18 engaged in sexually explicit conduct;

<u>Third:</u>   The image or images of child pornography had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or were produced using materials which had been shipped or transported in interstate or foreign commerce by any means, including by computer.

18 U.S.C. § 2252A(a)(5)(B)

If the jury determines that the Government has proven each of these three elements beyond a reasonable doubt, then it must return a verdict of Guilty to COUNT 1 of the Indictment - Possession of Child Pornography.

Eleventh Circuit Pattern Jury Instructions (Criminal), Offense Instruction No. 65.2

GOVERNMENT'S INSTRUCTION NO. 7

The defendant is charged in COUNTS 2, 3, and 4 of the Indictment with receiving child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2)(A).

Section 2252A(a)(2)(A) of Title 18 of the United States Code provides that:

Any person who knowingly receives . . . .

> (A) any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer;

shall violate the laws of the United States.

18 U.S.C. § 2252(A)(a)(2)(A)

GOVERNMENT'S INSTRUCTION NO. 8

Receipt Of Child Pornography
18 U.S.C. § 2252A(a)(2)(A)

Title 18, United States Code, Section 2252A(a)(2)(A), makes it a Federal crime for any person to knowingly receive any child pornography that has been shipped or transported in interstate or foreign commerce, including by computer.

In order for the Defendant to be found guilty of the charge of receiving child pornography as alleged in Counts 2, 3, and 4 of the Indictment, the United States must prove each of the following elements beyond a reasonable doubt with respect to each Count:

| | |
|---|---|
| First: | The defendant knowingly received an image or images of child pornography; |
| Second: | The defendant knew that the image or images depicted a person under the age of 18 engaged in sexually explicit conduct; |
| Third: | The image or images of child pornography had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or were produced using materials which had been shipped or transported in interstate or foreign commerce by any means, including by computer. |

18 U.S.C. § 2252A(a)(2)(A)

If the jury determines that the Government has proven each of these three elements beyond a reasonable doubt as to COUNT 2 and/or COUNT 3 and/or COUNT 4, then it must return a verdict of Guilty to that COUNT or those particular COUNTS of the Indictment - Receipt of Child Pornography.

GOVERNMENT'S INSTRUCTION NO. 9

Definition of "Child Pornography"

You have heard the term "child pornography" used to describe the elements of the crime in COUNTS 1,2,3, and 4.

"Child Pornography" means any visual depiction, including any photography, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

18 U.S.C. 2256(8)(A)

GOVERNMENT'S INSTRUCTION NO. _10_

<u>Definitions of Various Terms:</u>

The term "minor" means any person under the age of eighteen years.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disks or by electronic means which is capable of conversion into a visual image.

18 U.S.C. 2256 (1),(5),(6)

GOVERNMENT'S INSTRUCTION NO. 11

Definition of "sexually explicit conduct"

As used in this definition of child pornography, and as it pertains to the facts of this case, the term "sexually explicit conduct" means actual or simulated -

**FIRST,** sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, **or**

**SECOND,** lascivious exhibition of the genitals or pubic area of any person.

18 U.S.C. §§ 2256(2)

GOVERNMENT'S INSTRUCTION NO. _12_

Definition of "lascivious exhibition"

    Regarding the last type of sexually explicit conduct – "lascivious exhibition" – not every exposure of the genitals or pubic area constitutes a "lascivious exhibition". In determining whether a visual depiction constitutes a "lascivious exhibition", you should consider the context and setting in which the genitalia or pubic area is being displayed, as well as the overall content of the material. You may consider the overall content of the material. You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point. You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity. In addition, you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire. You may also consider whether the minor is partially clothed or nude. You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer. Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

18 U.S.C. Section 2256(2); United States v. Dost, 636 F.Supp. 828, 832 (S.D. Cal. 1986)(defining lascivious exhibition of the genitals); United States v. Horn, 187 F.3d 781, 789 (8th Cir. 1999); United States v. Wolf, 890 F.2d 241 (10th Cir. 1989); United States v. Knox, 32 F.3d 733, 754 (3rd Cir. 1994); United States v. Grimes, 244 F.3d 375 (5th Cir. 2001).

GOVERNMENT'S INSTRUCTION NO. _13_

### INTERSTATE COMMERCE

The phrase "transported in interstate commerce" means that the image, at any time, traveled or moved between one state and another or from another country to a state. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

Evidence that an image traveled through a state other than West Virginia or foreign country, or evidence that the image was produced outside of the state of West Virginia, is sufficient to prove that the images had been transported in interstate or foreign commerce. It is not necessary for the United States to prove that the defendant himself transported the images in interstate commerce. It is sufficient that the government prove that, at some point, the images traveled in interstate commerce.

Proof that any image of child pornography was transmitted via the internet is sufficient to establish the image traveled across state lines.

United States v. Carroll, 105 F.3d 740 (1st Cir. 1997); United States v. Runyan, 290, F.3d 223 (5th Cir. 2002); United States v. Dodds, 347 F.3d 893 (11th Cir. 2003); United States v. Scarborough, 539 F.2d 331 (4th Cir. 1976), aff'd, 431 U.S. 563 (1977); United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995)(en banc)

GOVERNMENT'S INSTRUCTION NO. 14

### KNOWLEDGE

"Knowingly" means voluntarily and intentionally and not because of mistake or accident or other innocent reason.

The knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. Knowledge may be proven by the defendant's conduct and words, and by all the facts and circumstances surrounding the case.

Federal Criminal Jury Instructions of the Seventh Circuit, Instruction No. 4:06 (1999); United States v. Draves, 103 F.3d 1328 (7th Cir. 1997). See also, 2 L. Sand, et al., Modern Federal Jury Instructions, § 35-56 (2001); 18 U.S.C. § 922(j); 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §17.07 (5th Ed. 2000); 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §17.07 (5th Ed. 2000).

With respect to the knowledge requirement, the Government need not prove that the defendant knew that the images themselves or that the portrayals in them were illegal.

United States v. Knox, 32 F.3d 733, 754 (3rd Cir. 1994); United States v. Cochran, 17 F.3d 56 (3rd Cir. 1994).

GOVERNMENT'S INSTRUCTION NO. 15

## DELIBERATE DISREGARD FOR THE TRUTH

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant was aware of a high probability that the images were of child pornography and that he deliberately avoided learning the truth. The element of knowledge may be inferred if defendant deliberately closed his eyes to what would otherwise have been obvious to him.

You may not find that defendant acted knowingly, however, if you find that defendant was simply careless. A showing of negligence, mistake or carelessness is not sufficient to support a finding of knowledge.

Eighth Circuit Model Jury Instructions § 7.04 (2000); United States v. Burian, 19 F.3d 188, 191 (5th Cir. 1994).

GOVERNMENT'S INSTRUCTION NO. 16

## "SYMPATHY"

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Indictment and the denial made by the Not Guilty plea of the defendant. This must be decided on the evidence that is presented in this case and not from anything else.

You are to perform this duty without bias or prejudice as to any party. You are not permitted to be governed by sympathy or public opinion. Both the defendant and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court and reach a just verdict, regardless of the consequences.

## CERTIFICATE OF SERVICE

I, Sherry L. Muncy, Assistant United States Attorney for the Northern District of West Virginia, do hereby certify that a copy of the foregoing jury instructions were served upon counsel for the defendant, Daniel Wilson Testerman, via fax to (304) 485-1090 and by first class mail addressed to:

George J. Cosenza
Cosenza & Merriman, PLLC
515 Market Street
P. O. Box 4
Parkersburg, WV 26102.

Dated: June 13, 2005

Sherry L. Muncy, AUSA