# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**DANIEL WILSON TESTERMAN,**<br><br>    **Defendant.** | **Criminal No.**   **1:05CR4**<br>                        **Judge Keeley** |

## UNITED STATES' **AMENDED** JURY INSTRUCTIONS

Comes now the United States of America, by David J. Perri, Assistant United States Attorney for the Northern District of West Virginia, and submits the following proposed jury instructions.

Leave is respectfully requested to include such other and additional instructions as may become appropriate during the course of the trial.

                                                    Respectfully submitted,

                                                    THOMAS E. JOHNSTON
                                                    United States Attorney

By:       _____
         David J. Perri
         Assistant United States Attorney

**UNITED STATES PROPOSED INSTRUCTION NO. 1**

The defendant is charged in COUNT 1 of the Indictment with possessing child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B).

Section 2252A(a)(5)(B) of Title 18 of the United States Code provides that:

Any person who –

knowingly possesses any book, magazine, periodical, film, videotape, computer disk or any other material that contains an image of child pornography that has been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials which have been mailed or so shipped or transported in interstate or foreign commerce by any means, including by computer.

Shall violate the laws of the United States.

18 U.S.C. § 2252A(a)(5)(B)

**UNITED STATES PROPOSED INSTRUCTION NO. 2**

Possession Of Child Pornography
18 U.S.C. § 2252A(a)(5)(B)

Title 18, United States Code, Section 2252A(a)(5)(B), makes it a Federal crime for any person to knowingly possess any child pornography that has been shipped or transported in interstate or foreign commerce, including by computer.

In order for the Defendant to be found guilty of the charge of possessing child pornography in COUNT 1 of the Indictment, the United States must prove each of the following elements beyond a reasonable doubt:

First: The defendant knowingly possessed a computer or other material containing one or more images of child pornography;

Second: The defendant knew that the image depicts a minor;

Third: The image depicts a real child;

Fourth: The image of child pornography had shipped or transported in interstate or foreign commerce by any means, including by computer.

If the jury determines that the Government has proven each of these three elements beyond a reasonable doubt, then it must return a verdict of Guilty to COUNT 1 of the Indictment - Possession of Child Pornography.

18 U.S.C. § 2252A(a)(5)(B); X-Citement Video, Inc., 513 U.S. 64, (1994); Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002);   Eleventh Circuit Pattern Jury Instructions (Criminal), Offense Instruction No. 65.2(in part).

## UNITED STATES PROPOSED INSTRUCTION NO. 3

The defendant is charged in COUNTS 2,3, and 4 of the Indictment with receiving child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2)(A).

Section 2252A(a)(2)(A) of Title 18 of the United States Code provides that:

Any person who knowingly receives . . . .

    (A)    any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer;

Shall violate the laws of the United States.

18 U.S.C. § 2252A(a)(2)(A)

# UNITED STATES PROPOSED INSTRUCTION NO. 4

<u>Receipt Of Child Pornography</u>
18 U.S.C. § 2252A(a)(2)(A)

Title 18, United States Code, Section 2252A(a)(2)(A), makes it a Federal crime for any person to knowingly receive any child pornography that has been shipped or transported in interstate or foreign commerce, including by computer.

In order for the Defendant to be found guilty of the charge of receiving child pornography as alleged in Counts 2,3, and 4 of the Indictment, the United States must prove each of the following elements beyond a reasonable doubt with respect to each Count:

<u>First</u>: The defendant knowingly received an image or images of child pornography;

<u>Second</u>: The defendant knew that the image depicts a minor;

<u>Third</u>: The image depicts a real child;

<u>Third</u>: The image of child pornography had been shipped or transported in interstate or foreign commerce by any means, including by computer.

If the jury determines that the Government has proven each of these three elements beyond a reasonable doubt as to COUNT 2 and/or COUNT 3 and/or COUNT 4, then it must return a verdict of Guilty to that COUNT or those particular COUNTS of the Indictment - Receipt of Child Pornography.

18 U.S.C. § 2252A(a)(2)(A); <u>X-Citement Video, Inc.</u>, 513 U.S. 64, (1994); <u>Ashcroft v. Free Speech Coalition</u>, 535 U.S. 234 (2002); Eleventh Circuit Pattern Jury Instructions (Criminal), Offense Instruction No. 65.2(in part).

**UNITED STATES' PROPOSED INSTRUCTION NO. 5**

Definition of "Child Pornography":

You have heard the term "child pornography" used to describe the elements of the crime in COUNTS 1,2,3, and 4.

"Child Pornography" means any visual depiction, including any photography, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

18 U.S.C. 2256(8)(A)

## UNITED STATES PROPOSED INSTRUCTION NO. 6

<u>Definitions of Various Terms</u>:

The term "visual depiction" includes data stored on a computer disk or by electronic means which is capable of conversion into a visual image.

The term "minor" means any person under the age of eighteen years.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

18 U.S.C. 2256 (1),(5),(6)

## UNITED STATES PROPOSED INSTRUCTION NO. 7

<u>Definition of "sexually explicit conduct"</u>

As used in the definition of child pornography, the term "sexually explicit conduct" means actual or simulated -

**i),** sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; **or**

**ii)**, bestiality; **or**

**iii)**, masturbation; **or**

**iv)**, sadistic or masochistic abuse; **or**

**v),** lascivious exhibition of the genitals or pubic area of any person.

18 U.S.C. §§ 2256(2)(A)

**GOVERNMENT'S REQUESTED INSTRUCTION NO. 8**

<u>Definition of "lascivious exhibition"</u>

Regarding the last type of sexually explicit conduct – "lascivious exhibition" – not every exposure of the genitals or pubic area constitutes a "lascivious exhibition".  In determining whether the genitalia or pubic area is being exhibited in a lascivious manner, you should consider the context and setting in which the genitalia or pubic area is being displayed, as well as the overall content of the material.  You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point.  You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive - for example, in a location or in a pose associated with sexual activity.  In addition, you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire.  You may also consider whether the minor is partially clothed or nude.  You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer.  A visual depiction need not involve all of these factors in order to be a lascivious exhibition.

18 U.S.C. Section 2256(2)(A)(v); <u>United States v. Dost</u>, 636 F.Supp. 828, 832 (S.D. Cal. 1986)(defining lascivious exhibition of the genitals); <u>United States v. Horn</u>, 187 F.3d 781, 789 (8th Cir. 1999); <u>United States v. Wolf</u>, 890 F.2d 241 (10th Cir. 1989); <u>United States v. Knox</u>, 32 F.3d 733, 754 (3rd Cir. 1994); <u>United States v. Grimes</u>, 244 F.3d 375 (5th Cir. 2001).

**UNITED STATES PROPOSED INSTRUCTION NO. 9**

<u>INTERSTATE COMMERCE</u>

The phrase "shipped or transported in interstate commerce" means that the image or images, at any time, traveled or moved between one state and another or from another country to a state. The term "state" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

Proof that an image had traveled through a state other than West Virginia or a foreign country, or proof that an image was produced outside of the state of West Virginia, is sufficient to establish that the image had been shipped or transported in interstate or foreign commerce.

Proof that one or more of the images specified in the indictment was transmitted electronically via the internet is sufficient to establish the "shipped or transported in interstate commerce" element.

It is not necessary for the United States to prove that the defendant, himself, shipped or transported the images in interstate commerce.

<u>United States v. Kimler</u>, 335 F.3d 1132 (10th Cir. 2003); <u>United States v. Carroll</u>, 105 F.3d 740 (1st Cir. 1997); <u>United States v. White</u>, 2 Fed. Appx. 295 (4th Cir. 2001)(unreported); <u>United States v. Runyan</u>, 290, F.3d 223 (5th Cir. 2002); <u>United States v. Dodds</u>, 347 F.3d 893 (11th Cir. 2003); <u>United States v. Ellyson</u>, 326 F.3d 522 (4th Cir. 2002); <u>United States v. Scarborough</u>, 539 F.2d 331 (4th Cir. 1976), <u>aff'd</u>, 431 U.S. 563 (1977); <u>United States v. Langley,</u> 62 F.3d 602, 606 (4th Cir. 1995)(<u>en banc</u>).

## UNITED STATES PROPOSED INSTRUCTION NO. 10

### POSSESSION

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it. A person may constructively possess something even if it is not in his or her immediate possession or control. If the defendant exercised, or had the power and intention to exercise dominion and control over a thing, he was in constructive possession of that thing.

The law recognizes that possession may be sole or joint. If the defendant alone has actual or constructive possession of a thing, that is sole possession. If the defendant jointly with others shared actual or constructive possession of a thing, that is joint possession.

You may find that the element of possession as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had, sole or joint, actual or constructive possession.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

2L. Sand, Modern Federal Jury Instructions, § 35-49 (2001) (modified); 2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 39.12 (5th Ed. 2000); United States v. Jones, 735 F.2d 785, 790 (4th Cir.), cert. denied, 469 U.S. 918 (1984); United States v. Ferg, 504 F.2d 914, 916-17 (5th Cir. 1974) (citations omitted); United States v. Shorter, 328 F.3d 167, 172, (4th Cir. 2003)(quoting United States v. Jackson, 124 F.3d 607, 610 (4th Cir. 1997)); United States v. Joyce, 2003 WL 22138539 (4th Cir. N.C.)(2003); United States v. Moye, 422 F.3d 207, 212 (4th Cir. 2005); United States v. Scott, 424 F.3d 431, 435-36 (4th Cir. 2005).

## UNITED STATES PROPOSED INSTRUCTION NO. 11

### KNOWLEDGE

"Knowingly" means voluntarily and intentionally and not because of mistake or accident or other innocent reason.

The knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. Knowledge may be proven by the defendant's conduct and words, and by all the facts and circumstances surrounding the case.

Federal Criminal Jury Instructions of the Seventh Circuit, Instruction No. 4:06 (1999); United States v. Draves, 103 F.3d 1328 (7th Cir. 1997). See also, 2 L. Sand, et al., Modern Federal Jury Instructions, § 35-56 (2001); 18 U.S.C. § 922(j); 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §17.07 (5th Ed. 2000); 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §17.07 (5th Ed. 2000).

With respect to the knowledge requirement, the Government need not prove that the defendant knew that the images themselves or that the portrayals in them were illegal.

United States v. Knox, 32 F.3d 733, 754 (3rd Cir. 1994); United States v. Cochran, 17 F.3d 56 (3rd Cir. 1994).

## UNITED STATES PROPOSED INSTRUCTION NO. 12

### PROVING "ON OR ABOUT"

You will note the Indictment charges that the offense was committed "on or about" a certain time period. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Pattern Jury Instructions, Criminal Cases with Case Annotations, U.S. Fifth Circuit District Judges Association, West Publishing Co., 1983, pg. 21.

**UNITED STATES PROPOSED INSTRUCTION NO. 13**

"SYMPATHY"

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Indictment and the denial made by the Not Guilty plea of the defendant.  This must be decided on the evidence that is presented in this case and not from anything else.

You are to perform this duty without bias or prejudice as to any party.  You are not permitted to be governed by sympathy or public opinion.  Both the defendant and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court and reach a just verdict, regardless of the consequences.

CERTIFICATE OF SERVICE

I, David J. Perri, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that the foregoing UNITED STATES' AMENDED JURY INSTRUCTIONS was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> George Cosenza, Esq.
> 515 Market St.,
> P.O. Box 4,
> Parkersburg, WV 26102.

Date: January 24, 2006

By:   /s/ David J. Perri_____
      David J. Perri
      Assistant United States Attorney/Bar Number: 9219
      United States Attorney's Office
      1125 Chapline Street, Suite 3000
      Wheeling, West Virginia 26003
      Telephone: (304) 234-0100
      Fax: (304) 234-0111
      E-mail: David.Perri@usdoj.gov