UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Criminal No.  1:05 CR 4 |
| **DANIEL WILSON TESTERMAN,** | (KEELEY) |
| Defendant. | |

**PRE-TRIAL MEMORANDUM AS TO EVIDENCE NECESSARY TO
ESTABLISH REAL CHILD AND MINOR CHILD ELEMENTS**

Now comes the United States of America and Thomas E. Johnston, United States Attorney for the Northern District of West Virginia, by David J. Perri, Assistant United States Attorney, and submits the following Pre-trial Memorandum addressing whether or not expert testimony is necessary to establish the "real child" and "minority" elements of child pornography offenses. A trial in this matter is currently scheduled for January 31, 2005.

**Question Presented**:  In a case where the subjects depicted in the images appear to be well under the age of 18 and where there is no reason to believe or claim that these images are anything other than photographic depictions of real children, is the United States require to put forth expert testimony to establish that the images in question depict real children under the age of 18?

**MEMORANDUM**

The defendant in this matter is charged with Possession of Child Pornography and Receipt of Child Pornography. 18 U.S.C. § 2252A(a)(5)(B), 2252A(a)(2)(A).

The Supreme Court has ruled that, although it is not expressly stated as such in the Child Pornography statute, one of the elements which must be proven is that the children depicted in the images are "real" and not "virtual". Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002). If the children depicted are "real", then the images would necessarily have to have been produced using an actual child as opposed to some other process. Taken to its furthest extent, the requirement would appear to necessitate the personal testimony of the exploited child herself or the testimony of someone who knew her and could identify her in the depiction. To the best of the knowledge of the undersigned, no court in the country has required as much. Nor have most courts required that the United States put on expert testimony to prove a negative - that the images are not computer-generated. Instead, the federal courts have permitted jurors to rely on their own perception and circumstantial evidence in making a determination that the subjects of the images are real children.

Jurors are capable of distinguishing between "real" and "virtual" images without the assistance of expert testimony. In other words, the images can speak for themselves, and the jurors can competently rely upon their own perception of those images. *United States v. Kimler*, 335 F.3d 1132, 1142 (10th Cir. 2003)(neither expert testimony nor evidence of victim identity is required by the *Free Speech* decision); *United States v. Slanina*, 359 F.3d 356 (5th Cir. 2004)(same); *United States v. Vig*, 167 F.3d 443 (8th Cir. 1999)(jurors could draw their own independent conclusion as to whether images depicted real children); United *States v. Deaton*, 328 F.3d 454, 455 (8th Cir. 2003)(images alone were sufficient to prove that production of images involved use of a real minor);

*United States v. Farrelly*, 389 F.3d 649 (6th Cir. 2004)(United States not required to produce expert testimony to establish that images were of real children); *United States v. Hall*, 312 F.3d 1250, 1260 (11th Cir. 2002)(court examined images and found that no reasonable jury could have found that images depicted virtual children as opposed to actual children); *United States v. Richardson*, 304 F.3d 1061 (11th Cir. 2002)(based on agent's testimony and review of images, court found "no doubt" that images depicted real children).

In this case, there is no reason to believe that the images in question are anything other than what they appear to be on their face: photographic representations of actual children engaged in sexually explicit conduct. There is no indication whatsoever that they are virtual images or that they were the product of some kind of morphing or other composite construction process. Any assertion to the contrary would constitute an affirmative defense which must be proven by the defendant and raised well in advance of trial. 18 U.S.C. § 2252A(c)(2). There is no reason why the jurors in this trial would not be competent to make a determination that the images depict real children based on a review of the images themselves and any circumstantial evidence.

Similarly, there is no issue in this case as to the minority of the children depicted. The definition of Child Pornography necessitates that the image in question depict a minor. 18 U.S.C. § 2256(8)(A). As to the minority requirement, the United States need only prove that the image depicts a child under the age of 18. The United States does not have to prove the exact age of each child. 18 U.S.C. § 2256(8)(A). The children depicted in the images listed in the Indictment are clearly and obviously under the age of 18. Although, conceded, expert medical testimony would be necessary to prove that a child who appeared to be in her mid-teens was in fact younger than 18, the children in this case are sufficiently youthful that the issue is precluded. The subjects of these

images are so obviously young that anyone reviewing them could tell - without the need for expert testimony - that they are minors. Accordingly, the jury should be permitted to make this determination. See United *States v. Katz*, 178 F.3d 368 (5th Cir. 1999)(determination of age of individuals depicted can, in some cases, be determined by a lay jury without the aid of expert testimony); *United States v. Fox*, 248 UF.3d 394, 409 (5th cir. 2001), *vacated on other grounds*, 535 U.S. 1014 (2002); *United States v. Riccardi*, 258 F. Supp. 2d 1212 (D.Kan. 2003); *United States v. Gallo*, 1988 WL 46293 (4th Cir., May 12, 1988)(unreported). Of course, circumstantial evidence such as descriptive file names can also inform a determination that the images depict children under the age of 18.

      The United States respectfully submits the foregoing for the consideration of the Court.

                                    Respectfully submitted,

                                    THOMAS E. JOHNSTON
                                  UNITED STATES ATTORNEY


By:   /s/ David J. Perri
        David J. Perri
        Assistant United States Attorney/Bar Number: 9219
        United States Attorney's Office
        1125 Chapline Street, Suite 3000
        Wheeling, West Virginia 26003
        Telephone: (304) 234-0100
        Fax: (304) 234-0111
        E-mail: David.Perri@usdoj.gov

CERTIFICATE OF SERVICE

I, David J. Perri, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that the foregoing **PRE-TRIAL MEMORANDUM AS TO EVIDENCE NECESSARY TO ESTABLISH REAL CHILD AND MINOR CHILD ELEMENTS** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

George Cosenza, Esq.
Atty. for Defendant
515 Market St.,
P.O. Box 4
Parkersburg, WV 26102

Dated: January 25, 2006.

By:   /s/ David J. Perri
David J. Perri
Assistant United States Attorney/Bar Number: 9219
United States Attorney's Office
1125 Chapline Street, Suite 3000
Wheeling, West Virginia 26003
Telephone: (304) 234-0100
Fax: (304) 234-0111
E-mail: David.Perri@usdoj.gov