**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**
      **Plaintiff,**

**v.**                                                                          **Criminal No. 1:05CR4**

**DANIEL WILSON TESTERMAN**
      **Defendant.**

## GOVERNMENT'S MOTION TO RECONSIDER

Now comes the United States of America, and Thomas E. Johnston, United States Attorney for the Northern District of West Virginia, by Sherry L. Muncy, Assistant United States Attorney, and files its motion for reconsideration of the Court's ruling concerning certain testimony given at trial by Special Agent Ken LaVictoire. An objection was offered by the defendant alleging that he had not seen a certain search warrant and had not been given an opportunity to move to suppress the information. The government asks the Court to reconsider its ruling to suppress/strike the testimony, based on the following facts and law:

   1.) The search warrant in question is attached. It is certainly a search warrant in connection with the case, but is not directed to the defendant, but to the third party HotMail.com. (Attachment A).

   2.) While the defense counsel may not have received the search warrant, he was aware of the issuance of a process (Attachement B) and the results thereof (Attachment C.) Both those items were delivered in disk format along with the government's bait stamped discovery. Indeed, defense counsel used a portion of the bait-stamped discovery in the course of the trial.

   3.) The information contained in the affidavit for search warrant was readily available to the defendant at all times during the course of the investigation and prosecution, just as it was available to the government.

## MEMO OF LAW

To challenge a search successfully under the Fourth Amendment, a defendant must have a "reasonable expectation of privacy" in the place that was searched. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). The search in this case was directed to hotmail, not the defendant. In addition, in this case, the defendant has always denied that he was the subscriber registered as Brad Taylor. The government submits that he had no standing to move to suppress the search warrant.

Even if the defendant did have grounds to file a motion, the defendant had notice that there was process served when he received the government's discovery. "The defendant is subject to a due diligence standard. Even if the defendant did not know all of the information establishing the basis for a claim, the court will not excuse a forfeiture if the defendant, by due diligence could have or should have discovered the basis for the claim." *United States v. Ruhe,* 191 F.3d 376, 386 (4th Cir. 1999). *See United States v. Mangieri,* 694 F.2d 1270, 1283-84. (D.C.Cir. 1982). In the *Ruhe* case, the defendant made an untimely motion to suppressl, which the court found could have been made after notice by the government of its intent to use the evidence when it included it in its exhibit list. In this case, the defendant was fully aware that the information concerning the Brad Taylor01 hot mail account had been received by the government by issue of process as early as the discovery date. If the defendant had used due diligence in preparation for trial, a motion to suppress could have been filed.

WHEREFORE, the United States moves that the motion to suppress/strike the testimony of Special Agent Ken LaVictoire relating to the hot mail account be denied. in the above-styled trial.

        Respectfully submitted,

        THOMAS E. JOHNSTON
        United States Attorney

By:   /S/ Sherry L. Muncy
      Sherry L. Muncy, AUSA
      WV Bar No.: 4789
      United States Attorney's Office
      320 W. Pike Street, Suite 300
      Clarksburg, WV 26301
      304-623-7030
      304-623-7031-fax
      sherrymuncy@usdoj.gov

CERTIFICATE OF SERVICE

I, Sherry L. Muncy, Assistant United States Attorney for the Northern District of West Virginia, this 3rd day of February, 2006, do hereby certify that the foregoing, GOVERNMENT'S MOTION TO RECONSIDER, was electronically filed with the Clerk of the Court using the CM/ECF system, and a copy of the motion and memo of law including three attachments was served upon counsel for the defendant, Daniel Wilson Testerman, via fax to (304) 485-1090 addressed to:

George J. Cosenza
Cosenza & Merriman, PLLC
515 Market Street
P. O. Box 4
Parkersburg, WV 26102.

            THOMAS E. JOHNSTON
            United States Attorney

        By: /S/ Sherry L. Muncy
           Sherry L. Muncy, AUSA
           WV Bar No.: 4789
           United States Attorney's Office
           320 W. Pike Street, Suite 300
           Clarksburg, WV 26301
           304-623-7030
           304-623-7031-fax
           sherrymuncy@usdoj.gov