**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

   **Plaintiff,**

 v.       **CRIMINAL NO. 1:05CR04**
         **(Judge Keeley)**

DANIEL WILSON TESTERMAN,

   **Defendant.**

## JURY CHARGE

You have heard the evidence, and I must now instruct you as to the law applicable to this case. The final arguments of counsel will follow these instructions.

As you know, the trial function of the judge is to preside in such manner that proper and relevant evidence is presented, and to instruct the jury on the law applicable to the case.

Your function as the jury, on the other hand, is to determine the facts from a fair consideration of the evidence presented in the case and not from anything else. The evidence should be considered and viewed by you in the light of your own observations and experience in the ordinary affairs of life.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Indictment as to the defendant, Daniel Wilson Testerman, and the denial made by his "Not Guilty" plea. You are to perform this duty without bias or prejudice to any party. The law does not permit you to be

USA V. DANIEL WILSON TESTERMAN                                    1:05CR04

## JURY CHARGE

governed by conjecture, suspicion, surmise, sympathy, speculation, prejudice or public opinion.  Nor may your verdict be based on any of these things.  The defendant and the public expect that you will carefully and impartially consider all the evidence in the case, and follow the law as stated by the Court.

### INDICTMENT

As I earlier indicated to you, an Indictment is but a formal method of accusing a defendant of a crime.  As you know, an indictment is not evidence of any kind against the defendant.  It does not create any presumption or permit any inference of guilt. It is merely the formal means by which the Government accuses an individual of a crime in order to bring him to trial. The defendant has answered the charges in this case by pleading not guilty and you must not be prejudiced against him.

### TYPES OF EVIDENCE

There are two types of evidence from which you may find the truth as to the facts of a case -- direct evidence and circumstantial evidence.

Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.

USA V. DANIEL WILSON TESTERMAN                                1:05CR04

## JURY CHARGE

Circumstantial evidence is proof of a chain of facts and circumstances indicating some further fact which, in a criminal case, may bear on the guilt or innocence of a defendant.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have read, heard, or seen outside the courtroom is not evidence, and must be entirely disregarded.

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you saw and heard as the witnesses testified.  You are permitted to draw, from facts which you find have been proven, such reasonable inferences as you believe are justified in the light of experience.

USA V. DANIEL WILSON TESTERMAN                                    1:05CR04

## JURY CHARGE

### STATEMENTS AND ARGUMENTS OF COUNSEL

As I have also indicated to you, the statements and argument of counsel are not evidence in the case.  They are intended only to assist the jury in understanding the evidence and the contentions made.

### QUESTIONS OR REMARKS OF COURT

Further, no statement, ruling, question, remark or comment which I have made during the course of the trial was intended to indicate my opinion as to how you should decide the case or to influence you in any way in your determination of the facts, nor should you draw any inferences from anything I may have said.  You alone are to judge for yourselves the questions of fact in this case.

### PRESUMPTION OF INNOCENCE

In resolving these issues, you must bear in mind that, under the law of our land, the defendant, Daniel Wilson Testerman, is presumed to be innocent -- and this presumption of innocence remains with him at every stage of the trial.  Thus, the defendant, although accused, begins the trial with a "clean slate" -- with no evidence against him.  The presumption of innocence alone is sufficient to acquit a defendant, unless you are satisfied beyond

4

**USA V. DANIEL WILSON TESTERMAN**                                    1:05CR04

## JURY CHARGE

a reasonable doubt of his guilt after careful and impartial
consideration of all the evidence in the case.

### BURDEN OF PROOF

In this case, as in every criminal case, the burden of proof
is upon the United States to establish, first, the fact that the
crime charged was committed, and, second, that the defendant on
trial is guilty of the commission of the particular crime as
charged, beyond a reasonable doubt.

This burden never shifts to the defendant, but remains upon
the United States throughout the trial.

You should weigh all the evidence in the case.  After weighing
all the evidence, if you are not convinced of the guilt of the
defendant beyond a reasonable doubt, you must find him not guilty.

### REASONABLE DOUBT

A reasonable doubt means in law just what the words imply,
namely, a doubt based upon reason and common sense.  Its meaning is
self-evident and I will not attempt to define the term further.

### ON OR ABOUT

It is not necessary for the government to prove the exact
location of the commission of an alleged offense.  It is sufficient
if the evidence in the case establishes beyond a reasonable doubt

USA V. DANIEL WILSON TESTERMAN                                    1:05CR04

## JURY CHARGE

that the offense was committed within the Northern District of West Virginia.

You will note also that the Indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

### TERMS

I will now define a series of terms for you. Each of these words will be used frequently throughout these instructions and their meaning is important in understanding the law.

### "Material"

A **"material"** fact or matter is one that has a natural tendency to influence or be capable of influencing the decision maker to whom it was addressed. A material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction.

### "Intent"

**"Intent"** ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human

USA v. DANIEL WILSON TESTERMAN                          1:05CR04

## JURY CHARGE

mind. But you may infer the defendant's intent from the surrounding circumstances.  You may consider any statement made and done or omitted by the defendant, and all other facts and circumstances in evidence which indicate his state of mind.

You may consider it reasonable to draw the inference and find that a person intends the nature and probable consequences of acts knowingly done or knowingly omitted.  As I have said, it is entirely up to you to decide what facts to find from the evidence.

### CREDIBILITY OF WITNESSES

As you recall from my preliminary instructions to you, you as jurors are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached.

You should carefully consider each witness's intelligence, motive, state of mind, and demeanor and manner while on the stand. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or

7

**USA V. DANIEL WILSON TESTERMAN**                                      **1:05CR04**

## JURY CHARGE

may not cause the jury to discredit such testimony.  Two or more
persons witnessing an incident or a transaction may see or hear it
differently;  an  innocent  misrecollection,  like  failure  of
recollection, is not an uncommon experience.  In weighing the
effect of a discrepancy, always consider whether it pertains to a
matter of importance or an unimportant detail, and whether the
discrepancy results from innocent error or intentional falsehood.

In addition, the testimony of a witness may be discredited or
impeached by showing that he or she previously made statements
which are inconsistent with his or her present testimony.  As a
general rule, earlier contradictory statements are admissible only
to impeach the credibility of the witness, and not to establish the
truth of those statements.

If a witness is shown to have knowingly testified falsely
concerning any material matter, or conducted himself or herself in
a manner that indicates a propensity to lie, or involves some
element of deceit or untruthfulness, you have a right to distrust
the testimony of that witness in other particulars, and you may
reject all the testimony of that witness or give it such
credibility as you may think it deserves.

In this connection, the weight of the evidence is not
necessarily determined by the number of witnesses testifying.

USA V. DANIEL WILSON TESTERMAN                               1:05CR04

### JURY CHARGE

Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater credence or believability.

### BIAS OF WITNESSES

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witnesses may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.  You should also take into account any evidence that a witness may benefit in some way from the outcome of the case, such as a financial interest.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness or of the

9

USA V. DANIEL WILSON TESTERMAN                    1:05CR04

## JURY CHARGE

defendant has intentionally or otherwise colored or distorted his
or her testimony.  You are not required to disbelieve an interested
witness; you may accept as much of his or her testimony as you deem
reliable and reject as much as you deem unworthy of acceptance.

### LAW ENFORCEMENT TESTIMONY

The testimony of a law enforcement agent is entitled to no
special or exclusive sanctity.  A law enforcement agent who takes
the witness stand subjects his or her testimony to the same
examination and the same tests that any other witness does.  You
should recall their demeanor on the stand, their manner of
testifying, the substance of their testimony, and weigh and balance
it just as carefully as you would the testimony of any other
witness.  People employed by the Government, including law
enforcement agents, do not stand in any higher station in the
community than other persons, and their testimony is not entitled
to any greater weight than other witnesses.

### EXPERT TESTIMONY

The rules of evidence provide that if scientific, technical,
or other specialized knowledge might assist the jury in
understanding the evidence or in determining a fact in issue, a
witness qualified as an expert by knowledge, skill, experience,

10

USA V. DANIEL WILSON TESTERMAN                                    1:05CR04

### JURY CHARGE

training, or education, may testify and state his or her opinion concerning such matters.

In this case, you have heard the testimony of a forensic computer expert, Melinda Cash, who has offered opinions based on the forensic examination she conducted of the computer retrieved from Mr. Testerman's home.  You should consider the expert opinion received in evidence in this case and give it such weight as you may think it deserves.  You should consider the testimony of the expert witness just as you consider other evidence in this case. If you decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you conclude the opinion is outweighed by other evidence, you may disregard the expert witness' opinion in part or in its entirety.

### DEFENDANT'S TESTIMONY

As I stated in my Preliminary Instructions to you, the law does not compel a defendant in a criminal case to take the witness stand and testify.  Once a defendant, such as Daniel Wilson Testerman, waives his right to remain silent and testifies, however, as is the case here, you should judge his testimony in the same manner as you judge the testimony of any other witness.

11

USA V. DANIEL WILSON TESTERMAN                          1:05CR04

## JURY CHARGE

### REPUTATION EVIDENCE

The defendant Daniel Wilson Testerman has called witnesses who have testified to his reputation in the community for truthfulness. Such testimony is not to be taken by you as that witness's opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine.  Just because the defendant has presented evidence on his behalf of his reputation for truthfulness does not mean that he has any burden to prove his innocence. Rather, the burden of proof remains always on the Government to prove the defendant guilty beyond a reasonable doubt.  However, you should consider this character evidence together with all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges. If after considering the evidence of the defendant's reputation for truthfulness, along with all the other evidence in the case, you find that you have a reasonable doubt about an element of any offense charged, you must find the defendant not guilty of that charge.

### VERDICT BASED ON EVIDENCE

You are to return your verdict upon the basis of the evidence which was presented to you at the trial and in accordance with these instructions that I am in the process of giving to you.  You must consider each of the counts individually. In that respect, if

12

USA V. DANIEL WILSON TESTERMAN                    1:05CR04

## JURY CHARGE

the evidence in the case convinces you beyond a reasonable doubt that a defendant is guilty of the offense charged in a count of the Indictment, then it will be your duty to find the defendant guilty of that count.

On the other hand, if a reasonable doubt exists in your mind concerning the guilt of the defendant as to an element of any count charged in the Indictment, then it will be your duty to find that defendant not guilty of that count.

### TRIAL ON CHARGED CONDUCT ONLY

I caution you, members of the jury, that you are here to determine whether the government has proved or failed to prove the guilt of the defendant, Daniel Testerman, as to the charges set forth in each count of the Indictment.  The defendant is not on trial for any act or conduct or offense not alleged in the Indictment.  Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a defendant in this case.

### PUNISHMENT

The punishment provided by law for the offense charged in the Indictment is a matter which should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the defendant.

13

USA V. DANIEL WILSON TESTERMAN                    1:05CR04

## JURY CHARGE

### FOLLOWING INSTRUCTIONS AS A WHOLE

You, as jurors, are the judges of the facts. But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule that I may state to you. That is, you must not substitute your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

### VERDICT

By the same token it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

### INSTRUCTIONS REGARDING SPECIFIC CHARGES

I will now provide you specific instructions relating to the specific charges in the Indictment.

14

USA V. DANIEL WILSON TESTERMAN                              1:05CR04

## JURY CHARGE

### COUNT ONE

### Allegations in the Indictment

**Count One** charges that on or about August 28, 2003, at or near Harrisville, Ritchie county, and in the Northern District of West Virginia, the defendant, **DANIEL WILSON TESTERMAN,** did knowingly possess material, that is, a computer containing graphic image computer files of child pornography, as defined in Section 2256 of Title 18 of the United States Code, and further identified by the following hash values:

    1.)  1C7B480D846108B04C7989CD48B2FC12

    2.)  5B629707973380BAA29210A9FE495ECA

    3.)  44195C07FF18B27CB71C809A610367CE

    4.)  310BF5E0FC6438D0294799335A429B98

    5.)  806D804A6D3763BD417A124C15F11141

    6.)  B698F3397E5C51A914951731D71B98A5

    7.)  B984528508EF2C0A687593535B3E56FA

    8.)  D725A85A9DA3E6781A138948A98D8877

    9.)  9AC69EB35D794BC80FCC2658CBDDD96D

  10.)  B6830832887BD1ABDC696FFAE696F619

  11.)  54E684EE36859BA7214B25CC18AA1476

  12.)  933652C5465B854E5353CF2772D023E4

USA V. DANIEL WILSON TESTERMAN                    1:05CR04

## JURY CHARGE

13.) 482DBC7963417F72C9ECE3E9F0482B26

14.) ECFFFC47BB19F0959B8DCA6082A9139C

15.) A8B94BDD22FACA6C23D057DAD4373AD3

16.) D79BAD6739CE98E73C3FA9B50D6097CE

17.) 893BF2DCE981DA68D352E685518BD7C6

18.) BDBD87E1C748BD325C30C9F991A661B0

19.) 8F36F6FE31FF719D2CD5FC64180C4410

20.) A073E9BC380B87B658015625817D13DD

21.) 95FFC79EB2F0D7E8A5D550480895568F

22.) 71F83DEFD225D469483DFE273BB31739

23.) 42C599F783F9A73213F2F2CAAF618D46

24.) 419C8FFCB89AA7F06C4A829BA3BD3357

25.) 8D8151BFC539CB329C13DA1F1110D24C

26.) ED59EDF586F7039C0B96081881FD8722

27.) 8C8E724BA73079D8B62CB48E96E8E857

which had been shipped and transported in interstate and foreign commerce by means that included a computer, all in violation of Title 18 United States Code Section 2252A(a)(5)(B).

### The Statute Involved In Count One

Count One alleges that the defendant, Daniel Wilson Testerman, knowingly possessed material containing child pornography.  Title

16

USA V. DANIEL WILSON TESTERMAN                                    1:05CR04

## JURY CHARGE

18, United States Code, Section 2252A(a)(5)(B) provides in pertinent part, that:

> Any person who knowingly possesses any book, magazine, periodical, film, videotape, computer disk or any other material that contains an image of child pornography that has been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer...

shall be guilty of an offense against the United States.

### Essential Elements Of Count One

In order to sustain its burden of proof for the crime charged in Count One of the Indictment, the United States must prove the following **three (3) essential elements** beyond a reasonable doubt:

**First:**   That the defendant, Daniel Wilson Testerman, knowingly possessed at least one or more images of child pornography;

**Second:**  That the defendant knew that the child pornography depicted at least one minor, that is, an actual person under the age of eighteen, engaged in sexually explicit conduct; and

**Third:**   That the image or images of child pornography were transported in interstate or foreign commerce by any means, including by computer.

If you find that the Government has proved beyond a reasonable doubt each and every one of the three essential elements, you may find the defendant guilty. On the other hand, if you find that the

17

USA V. DANIEL WILSON TESTERMAN                    1:05CR04

---

### JURY CHARGE

---

Government has failed to prove, beyond a reasonable doubt, any one
(or more) of the essential elements of the charged offense, you
should find the defendant not guilty.

### COUNTS TWO, THREE AND FOUR

### Allegations In Counts Two, Three And Four

**Count Two** charges that on or about July 25, 2003, at or near
Harrisville, Ritchie County, and in the Northern District of West
Virginia, the defendant, **DANIEL WILSON TESTERMAN**, did knowingly
receive child pornography, as defined in Section 2256 of Title 18
of the United States Code, that is, two files, identified by the
following hash values:

     1.)   1C7B480D846108B04C7989CD48B2FC12, or

     2.)   5B629707973380BAA29210A9FE495ECA,

both of which had been shipped and transported in interstate and
foreign commerce by any means, in violation of Title 18, United
States Code Section 2252A(a)(2)(A).

**Count Three** charges that on or about August 10, 2003, at or
near Harrisville, Ritchie County, and in the Northern District of
West Virginia, the defendant, **DANIEL WILSON TESTERMAN**, did
knowingly receive child pornography, as defined in Section 2256 of
Title 18 of the United States Code, that is, a file with  hash

18

USA V. DANIEL WILSON TESTERMAN                          1:05CR04

### JURY CHARGE

value 44195C07FF18B27CB71C809A610367CE which had been shipped and transported in interstate and foreign commerce by any means, in violation of Title 18, United States Code Section 2252A(a)(2)(A).

**Count Four** charges that on or about August 22, 2003, at or near Harrisville, Ritchie County, and in the Northern District of West Virginia, the defendant, **DANIEL WILSON TESTERMAN**, did knowingly receive child pornography, as defined in Section 2256 of Title 18 of the United States Code, that is, a file with hash value 310BF5E0FC6438D0294799335A429B98 which had been shipped and transported in interstate and foreign commerce by any means, in violation of Title 18, United States Code Section 2252A(a)(2)(A).

### Statute Involved In Counts Two, Three and Four

Counts Two, Three and Four allege that the defendant, Daniel Wilson Testerman, knowingly received material containing child pornography. Title 18, United States Code, Section 2252A(a)(2)(A) provides in pertinent part, that:

> Any person who knowingly receives . . .
> any child pornography that has been mailed, or
> shipped or transported in interstate or foreign
> commerce by any means, including by computer...

shall be guilty of an offense against the United States.

19

USA V. DANIEL WILSON TESTERMAN                    1:05CR04

## JURY CHARGE

### Essential Elements of Counts Two, Three, and Four

In order to sustain its burden of proof for the offense charged in Counts Two, Three and Four of the Indictment, the United States must prove the following **three (3) essential elements** for each count beyond a reasonable doubt:

**First:**    That the defendant, Daniel Wilson Testerman, knowingly received at least one or more images of child pornography;

**Second:**   That the defendant knew that the child pornography depicted at least one minor, that is an actual person under the age of eighteen, engaged in sexually explicit conduct; and

**Third:**    That the image or images of child pornography had been transported in interstate commerce by any means, including by computer.

If you find that the Government has proved each and every one of these essential elements beyond a reasonable doubt, you may find the defendant guilty. On the other hand, if you find that the Government has failed to prove, beyond a reasonable doubt, any one (or more) of the essential elements of the charged offense, you should find the defendant not guilty.

### DEFINITIONS

I will now define a series of terms whose meaning is important in understanding the law applicable to the specific charges found in the Indictment.

USA V. DANIEL WILSON TESTERMAN                          1:05CR04

### JURY CHARGE

### "Hash Value"
### (ALL COUNTS)

A **"hash value"** is a series of letters and numbers that uniquely identifies a specific file on a computer.

### "Knowingly"
### (ALL COUNTS)

The word **"knowingly,"** means that the act was done voluntarily and intentionally and not because of ignorance, mistake or accident. Element No. 2 of each offense requires the Government to prove beyond a reasonable doubt that the defendant, Daniel Wilson Testerman, knew the image or images on his computer portrayed actual minors engaged in sexually explicit conduct, but it need not prove that he knew the images themselves or that the portrayals in them were illegal.

### "Possess"
### (COUNT ONE)

To **"possess"** means to exercise control or authority over something at a given time.

### "Receive"
### (COUNTS TWO, THREE, AND FOUR)

To **"receive"** simply means to get or obtain.

21

USA V. DANIEL WILSON TESTERMAN                                    1:05CR04

### JURY CHARGE

---

### "Child Pornography"
### (ALL COUNTS)

Title 18 U.S.C. section 2256(8) defines the term "**child pornography**" as any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

### "Visual Depiction"
### (ALL COUNTS)

Title 18 U.S.C. section 2256(5) defines the term "**visual depiction**" as including undeveloped film and videotape, and data stored on computer disks or by electronic means which is capable of conversion into a visual image.

### "Computer"
### (ALL COUNTS)

Title 18 U.S.C. section 2256(6) defines the term "**computer**" as an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in

USA V. DANIEL WILSON TESTERMAN                                    1:05CR04

## JURY CHARGE

conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device. There is no dispute that Government Exhibit No. 43 is a computer under this definition.

### "Minor"
### (ALL COUNTS)

Title 18 U.S.C. section 2256(1) defines the term **"minor"** as any person under the age of eighteen years.

### "Sexually Explicit Conduct"
### (ALL COUNTS)

Pursuant to Title 18 U.S.C. section 2256(2), **"sexually explicit conduct"** means actual or simulated:

   (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
   (b) bestiality;
   (c) masturbation;
   (d) sadistic or masochistic abuse; or
   (e) lascivious exhibition of the genitals or pubic area of any person.

### "Lascivious Exhibition"
### (ALL COUNTS)

Regarding the last type of sexually explicit conduct, – **"lascivious exhibition,"** the term lascivious is just another way of saying lewd, indecent, or obscene.  Not every depiction of complete

USA V. DANIEL WILSON TESTERMAN                      1:05CR04

### JURY CHARGE

nudity in which the genitals are visible is lewd or obscene. In determining whether a visual depiction constitutes a **"lascivious exhibition"**, you should consider the context and setting in which the genitalia or pubic area is being displayed, as well as the overall content of the material. You may consider such factors as whether the genitals or pubic area are the focal point of the picture, whether the setting is sexually suggestive, whether the pose is unnatural or inappropriate given the age of the minor, whether the child is nude or fully or partially clothed, whether the picture suggests a willingness to engage in sexual activity, whether the picture is designed to elicit a sexual response from the viewer, whether the picture portrays the child as a sexual object, or whether the image has suggestive captions. An image need not involve all of these factors to be considered a **"lascivious exhibition"**.

### "Interstate Commerce"
### (ALL COUNTS)

As used in these instructions, and with respect to the circumstances of this case, **"interstate commerce"** means the movement of property between one state and another or from another country to a state.   The term "State" includes a State of the United States, the District of Columbia, and any commonwealth,

USA V. DANIEL WILSON TESTERMAN                                      1:05CR04

### JURY CHARGE

territory, or possession of the United States.

Evidence that an image traveled through a state other than West Virginia or foreign country, or evidence that the image was produced outside of the state of West Virginia, is sufficient to prove that the images had been transported in interstate or foreign commerce.  The defendant did not have to intend or even know that the child pornography would cross state or territory lines.

Items transmitted or received over the Internet have crossed state or territorial lines; in other words, they have moved in interstate commerce. If you find that the images containing the alleged child pornography were transmitted or received over the Internet, then the child pornography has been transported in interstate commerce.

### CONCLUSION

Ladies and gentlemen, that concludes my instructions for you on the law.  The verdict as to the defendant must represent the considered judgment of each juror.  In order to return a verdict on each count in the Indictment, it is necessary that each juror agree to it.  Your verdict as to each count must be unanimous.

. . .

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement if you can do so

**USA V. DANIEL WILSON TESTERMAN**                    **1:05CR04**

**JURY CHARGE**

without sacrifice of conscientious conviction.  Each of you must decide the case for himself or herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion if you become convinced that it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Some of you have taken notes during the course of this trial. Notes are only an aid to memory and should not be given precedence over your independent recollection of the facts.  A juror who did not take notes should rely on his or her independent recollection of the proceedings and should not be influenced by the notes of other jurors.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by either your foreperson or one or more members of the jury.  No member of the jury should attempt to communicate with

**USA V. DANIEL WILSON TESTERMAN**                    **1:05CR04**

### JURY CHARGE

the Court by any means other than a signed writing, and the Court will not communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.  Also, I will not give you transcripts of the evidence or testimony adduced at trial.  You must make your findings from the evidence as you remember it.

Bear in mind also that you are never to reveal to any person -- not even to the Court -- how the jury stands, numerically or otherwise, on the question of the guilt of the defendant as to any count of the Indictment, until after you have reached a unanimous verdict.

In addition, the local rules of this Court provide that after the conclusion of a trial, no party, his agent or his attorney shall communicate or attempt to communicate concerning the jury's deliberations or verdict with any member of the jury before which the case was tried, without first obtaining an order of the Court granting permission to do so.  This rule does not prevent you, the jury, from communicating with anyone concerning your deliberations or verdict, but merely governs the contact of you by other persons involved in the trial.

Upon retiring to the jury room you should first select one of your number to act as your foreperson, who will preside over your

**USA V. DANIEL WILSON TESTERMAN**                                  **1:05CR04**

## JURY CHARGE

deliberations and who will be your spokesperson here in court.

When you go to the jury room to consider the evidence presented to you during the trial of this case, you will be furnished with a jury verdict form which is self-explanatory. You can only find the defendant either guilty or not guilty as to each count contained in the Indictment if all agree.

Do not begin your deliberations until the Clerk delivers to your jury room the verdict form and exhibits.

Finally, observing that all of the principal jurors are able-bodied and mentally alert, it now becomes my duty to ask the alternate jurors to stand aside and take a seat in the courtroom. Once the jurors commence deliberations, I will have some brief further instructions for the alternate jurors.

Ladies and gentlemen, the case is now ready for your deliberation and the Court's officer will conduct you to the jury room.