```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  **v.**                          **CRIMINAL NO. 1:05CR4**
                                                **(Judge Keeley)**

**DANIEL WILSON TESTERMAN,**

      **Defendant.**

## ORDER FOLLOWING DETENTION HEARING

On February 10, 2006, the parties in the above-styled case appeared before this Court on the Government's motion to detain. The defendant, Daniel Wilson Testerman ("Testerman"), was present in person and by his attorney, George Cosenza. Sherry Muncy appeared on behalf of the United States.

This case came before the Court and a jury for trial on January 31, 2006 and February 1, 2 and 6, 2006. On February 6, 2006, the jury found Testerman guilty of one count of possession of child pornography in violation of 18 U.S.C. §2252A(a)(5)(B) and three counts of receipt of child pornography in violation of 18 U.S.C. §2252A(a)(2)(A). Following the return of the jury's verdict, the United States moved that Testerman be remanded to the custody of the U.S. Marshal pending sentencing.

At the detention hearing, the United States invoked the rebuttable statutory presumption in favor of detention, stating as its basis that Testerman had been convicted of a "crime of

**US v. TESTERMAN**                                                          **1:05CR4**

**ORDER FOLLOWING DETENTION HEARING**
_____

violence." 18 U.S.C. §3156(a)(4)(c) defines a "crime of violence" as any felony under Chapter 110 of Title 18. Chapter 110 encompasses the federal criminal statutes regarding sexual exploitation of children and includes 18 U.S.C. §2252A. Therefore, having been found guilty of "crime of violence," Testerman must be detained pending sentencing pursuant to 18 U.S.C. §3143(a)(2).

18 U.S.C. §3143(a)(2) contains an exception which does not apply to the facts of this case. Specifically, 18 U.S.C. §3143(a)(2) requires that Testerman be detained <u>unless</u> the Court finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted <u>or</u> the Government has recommended that no sentence of imprisonment be imposed on Testerman, <u>and</u> that the defendant has established, by clear and convincing evidence, that he is not likely to flee or pose a danger to any person or the community.

In this case, there is no substantial likelihood that an acquittal or new trial will be granted, and the Government has not recommended that no sentence be imposed on Testerman. The recent evidence discovered by the pretrial services officer also calls into question whether Testerman has in fact been acting in total compliance with his bond conditions since being placed on pretrial release in January, 2005. Moreover, by definition, a crime of violence, in this case possession and receipt of child pornography,

US v. TESTERMAN                                                  1:05CR4

## ORDER FOLLOWING DETENTION HEARING

entails dangers to the community. Accordingly, the Court did not find, by clear and convincing evidence, that Testerman was not likely to flee or pose a danger to the safety of any person or the community. Therefore, the Court **REVOKED** Testerman's bond and **REMANDED** him to the custody of the U.S. Marshal.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this order to counsel of record, the defendant, and all appropriate agencies.

DATED: February  *13* , 2006

                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE