**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4558**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

DANIEL WILSON TESTERMAN,

                                        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Irene M. Keeley, Chief District Judge.  (1:05-cr-00004-IMK-AL)

———————————

Submitted:  December 21, 2007      Decided:  January 30, 2008

———————————

Before TRAXLER and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Dean M. Boland, Lakewood, Ohio, for Appellant.  Sharon L. Potter, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Clarksburg, West Virginia, David J. Perri, Assistant United States Attorney, Wheeling, West Virginia for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Wilson Testerman was convicted of one count of knowingly possessing child pornography, in violation of 18 U.S.C. § 2256 (2000), and three counts of knowingly receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (2000). He was sentenced to 108 months of imprisonment. Testerman appeals his convictions, arguing the district court erred by denying his motion to suppress evidence seized pursuant to two search warrants issued without probable cause and abused its discretion by disallowing testimony under Fed. R. Evid. 701 concerning the alteration of digital photographs, and that trial counsel provided ineffective assistance. For the reasons that follow, we affirm.

I.

Testerman argues that the district court erred in denying his motion to suppress evidence seized as a result of two search warrants. This court reviews the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

- 2 -

In reviewing the propriety of issuing a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding that there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983). The facts presented to the issuing judge need only convince a person of reasonable caution that contraband or evidence of a crime will be found at the place to be searched. Texas v. Brown, 460 U.S. 730, 742 (1983). Appellate courts pay great deference to the district court's findings of probable cause in relation to warrants. Gates, 462 U.S. at 236.

Testerman argues on appeal both that the search warrants were not supported by probable cause and the evidence was not admissible under the good faith exception to the exclusionary rule. When a party challenges both the probable cause determination and the application of the good faith rule, we address the good faith determination first. See United States v. Legg, 18 F.3d 240, 243 (4th Cir. 1994). If a warrant is found to be defective, the evidence obtained from the warrant should be suppressed "only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." United States v. Leon, 468 U.S. 897, 918 (1984).

Evidence seized pursuant to a defective warrant will not be suppressed unless: (1) the affidavit contains knowing or reckless

falsity; (2) the magistrate acts as a rubber stamp for the police; (3) the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause; or (4) the warrant is so facially deficient that an officer could not reasonably rely on it.  See United States v. Wilhelm, 80 F.3d 116, 121 (4th Cir. 1996); United States v. Hyppolite, 65 F.3d 1151, 1156 (4th Cir. 1995).  The crucial element in determining probable cause is "whether it is reasonable to believe that the items to be seized will be found in the place to be searched."  United States v. Lalor, 996 F.2d 1578, 1582 (4th Cir. 1993).  Information must link criminal activity to the place to be searched.  Id. at 1583.

Testerman first contends that the good faith exception should not apply in this case because the issuing magistrate did not make the required determination of obscenity.  Testerman's reliance on Marcus v. Search Warrants, 367 U.S. 717 (1961), and its progeny, is misplaced.  The Marcus line of cases involved seizure of allegedly obscene materials to remove them from commercial circulation.  However, seizure of obscene material for the purpose of preserving evidence for a subsequent criminal trial does not require such a finding.  See Heller v. New York, 413 U.S. 483, 492 (1973); Fort Wayne Books, Inc. v. Indiana, 489 U.S. 46, 63 (1989) ("[A] single copy of a book or film may be seized and retained for evidentiary purposes based on a finding of probable cause.").  Thus, a judicial finding of obscenity was not required for a probable cause

determination before the issuance of valid search warrants in this case.

Testerman next alleges the good faith exception under <u>Leon</u> should not apply because the affidavit supporting the search warrants was so lacking in indicia of probable cause as to render the belief in it objectively unreasonable.  We find there was substantial evidence supporting the magistrate's decision to issue the warrant.  Sheriff's Deputy Kelly prepared the affidavit with information obtained from his interviews of and sworn statements given by the victim, and after viewing the photographs of the naked male the victim had received.  Further, Deputy Kelly consulted with the acting prosecutor for advice on how to proceed in obtaining evidence in the area of computer crimes, an area in which he was unfamiliar.

The affidavit supporting the first search warrant indicated the reason for the search was that obscene photographs were received by the victim by e-mail and she "recognized the person depicted in said obscene photographs as being DANIEL TESTERMAN." The affidavit also contained a detailed description of the place to be searched and indicated the search was for "any and all records contained within any personal computer's hard drive and memory as well as software which may have been used in connection with and to facilitate the above crimes."  We find the first search warrant contained significant indicia of probable cause for the crime

charged and provided an adequate description of the place to be searched and things to be seized.  The search warrant therefore was not so facially deficient that it would be unreasonable for the deputies to presume its validity.

Similarly, the second search warrant contained a description of the alleged crime and stated the evidence sought:

> relat[ed] to children engaged in sexual activity or any other crime and that the facts for such belief are that after obtaining a Search Warrant to search for photographs e-mailed to [the victim], [she] identified her [daughter] as one of the images depicted on the computer engaged in sexual activity with an adult male.

In addition, the second search warrant provided a sufficient description of the things to be seized and detailed the place to be searched.  We find the exemptions to the good faith exception to the exclusionary rule do not apply to the first or second search warrants in this case and thus the evidence was admissible under the good faith exception.  The district court therefore did not err in affirming the magistrate judge's report and recommendation and denying Testerman's motion to suppress the relevant evidence seized as a result of the search warrants.

II.

Testerman next contends the district court erred by refusing to allow the testimony of his brother, Jonathan Black, a purported "self taught computer geek," concerning the methodologies for altering digital photographs.  The district court has discretion

generally to conduct a trial, including the presentation of evidence, in whatever manner the court deems appropriate, and the district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion.  See United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994).  Federal Rule of Evidence 701 allows lay opinion testimony as long as it is based on the witness' own perception, helpful to the jury in understanding facts at issue, and "not based on scientific, technical, or other specialized knowledge."  Fed. R. Evid. 701.

On appeal, Testerman addresses only the district court's finding that Testerman had not disclosed that Black intended to testify as to digital photographs.  We find the court properly disallowed the testimony because Testerman failed to disclose the substance of this testimony, even though defense counsel knew of the evidence beforehand, until near the end of trial, after the Government rested and Testerman had testified on his own behalf. The evidence, consisting of alleged special computer knowledge, further was properly excluded under Rule 701, which "forbids the admission of expert testimony dressed in lay witness clothing." United States v. Perkins, 470 F.3d 150, 156 (4th Cir. 2006).

III.

Finally, Testerman alleges claims of ineffective assistance of counsel. "Ineffective assistance claims are not cognizable on direct appeal unless counsel's ineffectiveness conclusively appears on the record." United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). We find the record does not contain any evidence that is sufficient on its face to satisfy both prongs of Strickland v. Washington, 466 U.S. 668, 688, 694 (1984), and thus Testerman's ineffective assistance of counsel claims are not cognizable on direct appeal.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED