*1:05cr4*

FILED

Page 2

JUN 2 - 2009

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District   Northern | |
|---|---|---|
| Name (under which you were convicted):<br>Daniel Testerman | | Docket or Case No.:<br>06-4558 |
| Place of Confinement:<br>FCI Ashland | | Prisoner No.:<br>04919-087 |
| UNITED STATES OF AMERICA<br><br>v. | | Movant (include name under which you were convicted)<br><br>Daniel Testerman |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
   500 West Pike Street
   Clarksburg, WV 26302

   (b) Criminal docket or case number (if you know):  1:05-CR-4

2. (a) Date of the judgment of conviction (if you know):  2/6/2006

   (b) Date of sentencing:  5/16/2006

3. Length of sentence:  108 months

4. Nature of crime (all counts):

   One count knowingly possessing child pornography
   Three counts knowingly receiving child pornography

5. (a) What was your plea? (Check one)

   (1)   Not guilty ☑     (2)   Guilty ☐     (3)   Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☑     Judge only ☐

Page 3

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☑    No ❑

8.  Did you appeal from the judgment of conviction?    Yes ☑    No ❑

9.  If you did appeal, answer the following:

(a) Name of court:   UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

(b) Docket or case number (if you know):   1:05-cr-00004-IMK-AL

(c) Result:   Affirmed

(d) Date of result (if you know):   1/30/2008

(e) Citation to the case (if you know):

(f) Grounds raised:

   1. District court erred in denying his motion to suppress evidence seized as a result of two search warrants, Ineffective assistance of counsel, counsel's inability to prepare proper defense, District court erred by refusing to allow the testimony of his brother, Jonathan Black concerning the methodologies for altering digital photographs, Staleness issue, violation of Fair Trial Rights, Overbreadth, Vagueness.

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☑    No ❑

   If "Yes," answer the following:

   (1) Docket or case number (if you know):   07-11122

   (2) Result:

    Petition for writ of certiorari was denied

   (3) Date of result (if you know):   6/23/2008

   (4) Citation to the case (if you know):

   (5) Grounds raised:

    Jurisdiction, Ineffective assistance of counsel

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ❑    No ☑

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:

     (2) Docket or case number (if you know):

     (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏ No ✔

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏   No ✔

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:      Yes ❏   No ❏

(2) Second petition:    Yes ❏   No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

Jurisdiction

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Even though images may have been produced outside State of West Virginia or in other countries outside United States, Government did not show jurisdiction by proving that any connections were made outside the State of West Virginia nor that state borders were crossed in any way to download the images. There are no charges of production, only charges of possession and receiving. Government did not show that this computer made any connections that crossed state borders to commit any crime.

The government produced no evidence that bore on the jurisdictional question. It did not present any evidence that the images on the hard drives had been mailed, shipped, or transported in interstate commerce. Nor did it offer evidence that the images, themselves, had been shipped or transported in interstate commerce. The government failed to provide a factual basis for the interstate jurisdictional element.

The Government failed to prove the element of shipping or transport of the images "in interstate commerce," where it presented no evidence that the images crossed state lines.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

My trial attorney did not have computer knowledge therefore he did not know to raise this issue. Trial attorney was my appellate attorney for a while then a new attorney came on board for direct.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

 Usage of supressed evidence during trial

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

On April 28, 2005 the following recommendation was made by Judge Kaull "recommends Defendant's Motion to Suppress the CPU, but not its contents
(the files contained in its hard drive and diskettes, be GRANTED."

The CPU, or tower (also referred to as a filing cabinet), was used during trial to demonstrate before the jury.  The hard drives were also supressed yet they were also used during trial. Only the information contained within were not supressed. The CPU (tower) and hard drives should have not been allowed to be used during trial. Prosecutor even referred to and pointed directly at the CPU during closing arguments. Melinda Cash, the computer expert for the Government, also used the CPU and hard drives during trial to demonstrate to the jury.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ✔

    (2) If you did not raise this issue in your direct appeal, explain why:

    My attorney did not raise this issue due to ineffective assistance of counsel. I asked him to address this issue but he "assumed it would not be fruitful" and therefore did not raise the issue.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ✔

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):



    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

Lack of investigation

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

No virus scan was ever done on this computer to determine if there may have been any viruses, trojans, or other hacking tools found which could have been another avenue by which these heinous images could have ended up on my computer. Hackers can use trojan horses to gain access and control over other computers and once this occurs, the hacker can do anything on the other computer that the account user would normally be able to do including installing programs, deleting files, adding files, using programs such as Kazaa, downloading, uploading, and any other function a user might do with a computer. If a virus or trojan were found on my computer then it would show that I did not "knowingly" possess these horrible images and it would explain how they could be mixed in with my own files. Also concerning the image that was allegedly emailed to Amy Workman, police did not produce any email or proof that the image had been emailed to her computer much less that the email came from my computer. This image was also found on a third computer. The image was retrieved from Workman's recycle bin, not from any email. Therefore, it is unknown how the image actually ended up on Workman's computer other than her statement for which no supporting evidence is found

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ✔

(2) If you did not raise this issue in your direct appeal, explain why:

Trial attorney did not have computer knowledge and therefore did not know to raise this issue. In this case, he was ineffective due to lack of computer knowledge.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ✔

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

 Prosecutors mislead jury in closing arguments

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Prosecutor stated in closing argument that I was computer savvy and that I had expertise which I do not and there is no evidence suggesting that I am in any way expert in computers. I could not have done the upgrades to my computer (adding hard drives, fans, etc) without the help of my brother. Prosecutor cited my brother as saying I was electronicaly inclined which is partially true, but being electronically inclined is a far cry from knowing how to use a computer or it software. Electronics refers to hardware, not software. Prosecutor also made statement in rebuttal closing argument that I was circumsized. I am not circumcized. This was misleading to the jury because the figure in the image that was allegedly emailed to Amy Workman is circumcized and I am not.

Page 10

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ✔

    (2) If you did not raise this issue in your direct appeal, explain why:

    Attorney oversight.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ✔

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ❏   No ✔
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing:
      George Cosenza P.O. Box 4 Parkersburg, WV 26102
    (b) At arraignment and plea:
      George Cosenza P.O. Box 4 Parkersburg, WV 26102
    (c) At trial:
      George Cosenza P.O. Box 4 Parkersburg, WV 26102
    (d) At sentencing:

      George Cosenza P.O. Box 4
      Parkersburg, West Virginia 26102

(e) On appeal:

George Cosenza, Dean Boland

(f) In any post-conviction proceeding:

George Cosenza, Dean Boland

(g) On appeal from any ruling against you in a post-conviction proceeding:

George Cosenza,
Dean Boland 18123 Sloane Avenue Lakewood, Ohio 44107

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐   No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
    must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
    bar your motion.\*

    Last judgement in my case was made by United States Supreme Court on June 23, 2008.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period
shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in
        violation of the Constitution or laws of the United States is removed, if the movant was
        prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if
        that right has been newly recognized by the Supreme Court and made retroactively
        applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been
        discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

 Vacate Sentence, set judgement aside, and grant new trial or dismiss charges.


or any other relief to which movant may be entitled.




_____

Signature of Attorney (if any)




I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on
    6/2/2009       (month, date, year).




Executed (signed) on   _6/2/2009_____   (date).




_Daniel Testerman_____

Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion.