**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DANIEL WILSON TESTERMAN,**

      **Petitioner,**

v.                                    **Civil Action No. 1:09CV74**
                                         **Criminal Action No. 1:05cr4**
                                         **(Judge Keeley)**

**UNITED STATES OF AMERICA,**
      **Respondent.**

**HILL v. BRAXTON NOTICE**

On June 2, 2009, the *pro se* petitioner filed a petition under 28 U.S.C. § 2255 for Writ of Habeas Corpus by a Person in Federal Custody. This case is before the undersigned for a preliminary review pursuant to LR PL P 83.15, et seq. Upon a preliminary review of the petition, it appears that the petition is untimely.

**I. One-Year Time Limitation**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. The period of limitation will begin to run from the latest of the following four dates:

    (A) the date on which the judgment of conviction becomes final;

    (B) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such governmental action;

    (C) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

## II. Hill v. Braxton

When a federal habeas court perceives § 2255 petition to be untimely and the Government has not filed a motion to dismiss based on the one-year limitations period, the court must warn the Petitioner that the case is subject to dismissal pursuant to § 2255 absent a sufficient explanation. *See* United States v. Sosa, 364 F.3d 506 (4th Cir. 2004); Hill v. Braxton, 277 F.3d at 707.

## III. Analysis

Here, the petitioner was sentenced on May 16, 2006 and filed a Notice of Appeal on May 22, 2006.  The Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence on February 21, 2008.  Petitioner made no motion for rehearing and the record does not show that the petitioner filed a writ of certiori with the Supreme Court of the United States.  Accordingly it appears that the petitioner's conviction became final on May 21, 2008, when the time for seeking such review expired.  *See* Clay v. United States, 537 U.S. 522 (2003).

Therefore, under AEDPA, the petitioner had until May 21, 2009 to timely file a § 2255 motion.  However, the petitioner did not file his petition until June 2, 2009, twelve days after the statute of limitations had already expired.[1]

## IV. Conclusion

Pursuant to Hill v. Braxton, the petitioner is warned that his §2255 petition will be recommended for dismissal unless he can demonstrate that he is entitled to have the statute of limitations equitably tolled and/or that his motion is timely filed.  Consequently, the peitioner has **thirty (30) days** from this date to file any response he may have to this Order.  The failure to so

---

[1] Even giving petitioner the benefit of the "mailbox rule," his petition still appears to be untimely as the petition was executed on June 2, 2009 and the envelope in which it was received is postmarked the same day.

respond, or to sufficiently explain why this case should not be dismissed, will result in a recommendation that the petitioner's § 2255 motion be dismissed as untimely.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.  The Clerk is further directed to provide copies of this Order to counsel of record via electronic means.

DATED: July 9, 2009

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE