UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **DANIEL WILSON TESTERMAN,** | |
| Petitioner, | |
| | Criminal No.   1:05CR4 (Keeley) |
| v. | |
| | Civil No.   1:09CV74 |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

### UNITED STATES' RESPONSE TO 2255 PETITION

#### INTRODUCTION

Now comes the United States of America and Sharon L. Potter, United States Attorney for the Northern District of West Virginia, by Sherry L. Muncy, Assistant United States Attorney for said District, and files the UNITED STATES' RESPONSE TO 2255 PETITION as follows:

The United States has no evidence that this is a second or successive petition. Moreover, the Petition appears to be timely filed.

The Petitioner (hereafter "defendant") was convicted by a jury of one count of possession of child pornography and three counts of distribution of child pornography. He had retained counsel for his trial. The same counsel then filed an appeal to the Fourth Circuit, challenging: 1) whether the district court erred in denying the defendant's motion to suppress, and 2) whether the district court erred by refusing to allow the defendant's brother to testify regarding the alteration of digital photographs. The defendant then retained a second counsel to supplement the appeal with an argument of whether or not trial counsel was ineffective for not demonstrating to the jury that the

defendant did not possess the technological ability to have committed the crimes charged. The two briefs were consolidated for appeal and the lower court was affirmed. The ineffective assistance of counsel claim was not considered by the court because the record did not contain evidence sufficient to satisfy the *Strickland v. Washington* test. (See unreported decision - Attachment A).

## FACTS

Upon complaint to the state authorities that Mr. Testerman had sent a naked picture of himself to a relative, the state authorities obtained a search warrant for Mr. Testerman's computer. Upon review of the computer, several images were observed that appeared to be child pornography including one depicting a small child then believed to be the above relative's daughter. (It was later determined that the girl was not the relative's daughter, but another small girl). At that point the FBI was called and thereafter they seized the computer by federal search warrant. The computer was mirror imaged and many depictions of child pornography were discovered. In addition to the child pornography, pictures of a naked man were found on the computer; those pictures later identified as Mr. Testerman by the defendant's wife and step-sister. The search warrant was challenged and was upheld by both United States Magistrate John S. Kaull and District Court Judge Irene M. Keeley. The case proceeded to trial and the defendant was convicted of one count of possession of child pornography and three counts of receipt of child pornography. He was sentenced to 60 months incarceration on the count of possession and 108 months on each count of receipt, all to run concurrent for a total period of incarceration of 108 months. He appealed and the district court was affirmed. He filed a writ to the Supreme Court which was denied.

MEMORANDUM OF LAW

In this Petition, the defendant sites four grounds as a basis for habeas relief and also generally alleges ineffective assistance of counsel. These claims will be discussed in more detail below, and the United States will show that the claims (except for his ineffective assistance of counsel claim) are procedurally defaulted because they should have been raised in his appeal, or were and were denied.  His general claim of ineffective assistance of counsel also fails because he does not show that his counsel was deficient, nor does he show how the result of the trial or sentence was unreliable.

Discussion of Grounds

Ground 1 is that the government did not prove jurisdiction by failing to present any evidence that proved interstate commerce.  The government did prove jurisdiction and the record is replete with evidence that the pornographic images were obtained through the internet. (*For example,* Trial Transcript of Government Expert Melinda Cash - Attachment B).  Ground 3 is that a virus scan was not run on the computer which may have shown that the images were placed on the computer by someone other than the defendant. The defendant ignores all the testimony throughout the trial that proved that he put the images on the computer, as evidenced by the jury's verdict.  Ground 4 is that the prosecutor purposefully misled the jury in his closing statement. Assuming arguendo that the prosecutor misspoke in his closing argument, the jury was instructed that the arguments of counsel are not evidence. These are all bold assertions by the defendant with no support in any record. However, even assuming arguendo that the defendant could support these assertions, the claims would still fail.

Grounds 1, 3 and 4 are  procedurally barred because they were not raised on appeal. "Habeas

review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621, (1998)(internal citations omitted).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent,...'" *Id.* 622 (internal citations omitted).

> [W]e hold that counsel's failure to raise a *particular* claim on appeal is to be scrutinized under the cause and prejudice standard when that failure is treated as a procedural default by the state courts. Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial. To the contrary, cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim. *Murray v. Carrier,* 477 U.S. 478, 492 (1986)

Because defendant has not shown "some external impediment preventing counsel from constructing or raising [these] claims," or that he is "actually innocent," the above claims are procedurally defaulted.

Ground number 2 alleges that the government used evidence at trial that was suppressed. His claim is factually incorrect. The defendant states that the hard drives were suppressed. The Magistrate Judge recommended that the CPU be suppressed but not "its contents" (the files contained in its hard drive and diskettes). The Judge at trial adopted the recommendations of the Magistrate Judge and specifically admitted the computer's hard drive which is contained in the CPU. (Copies of both orders - Attachments C & D). The defendant is correct that the CPU was used for demonstrative purposes, but was not admitted at trial and therefore there is no error alleged. In addition, the motion to suppress was raised on appeal and was denied, therefore if this claim is considered review of the motion to suppress it is procedurally barred. *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000) ("The district court is not required to reconsider claims of error that

4

were raised and disposed of on direct appeal").

While not numbered as a specific ground for this habeas, the defendant alleges in his petition at paragraph 9(f) that he received ineffective assistance of counsel. He further alleges staleness, violation of Fair Trial Rights, Overbreadth, and Vagueness. None of these are further explained and the government will not respond. The *Strickland* standard for winning a habeas petition based on ineffective assistance of counsel is clear:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. *Strickland v. Washington* 466 U.S. 668, 687 (1984)

Defendant has not met either prong of this standard.

Nor is defendant entitled to a hearing just because he has made conclusory allegations of ineffective assistance of counsel. *See, e.g.*, *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir.1989), which stated:

> ...[T]his rule does not require that the district court hold an evidentiary hearing every time a section 2255 petitioner simply asserts a claim of ineffective assistance of counsel: 'A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.'" (quoting from *Guerra v. United States*, 588 F.2d 519 (5th Cir.1979)).

*In accord, David v. United States*, 134 F.3d 470, 478 (1st Cir. 1998)("To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings").

The Fourth Circuit test for when a habeas petitioner is entitled to an evidentiary hearing is

5

set out in *McCarver v. Lee*, 221 F.3d 583, 598 (4th Cir. 2000)("The district court is permitted to hold an evidentiary hearing only when the petitioner 'alleges additional facts that, if true, would entitle him to relief'"). Because the Petitioner has not alleged any facts which would entitle him to relief, he is not entitled to an evidentiary hearing.

## CONCLUSION

WHEREFORE, the United States moves the court to deny the Petition without a hearing.

Respectfully submitted,

SHARON L. POTTER,
United States Attorney

By:   /s/ Sherry L. Muncy
Sherry L. Muncy
Assistant United States Attorney
W.Va. Bar #4789
United States Attorneys Office
320 West Pike Street, Suite 300
Clarksburg, WV 26301
Ph. (304) 623-7030; Fax: (304) 623-7031
zelda.wesley@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Sherry L. Muncy, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on August 25, 2009, I electronically filed the foregoing **UNITED STATES' RESPONSE TO 2255 PETITION**, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dean M. Boland
George J. Cosenza

and I hereby certify that I have mailed, by United States Postal Service, the document to the following non-CM/ECF participants:

None.

    /s/   Sherry L. Muncy
Sherry L. Muncy
Assistant United States Attorney