```
 1                    P R O C E E D I N G S
 2        (05-16-2006, 9:05 o'clock a.m., defendant present)
 3        THE COURT:  Good morning.  Would the Clerk please
 4   call the case?
 5        THE CLERK:  This is the case of United States of
 6   America versus Daniel Wilson Testerman, Criminal Case Number
 7   1:05-CR-4.  Will Counsel please note their appearance?
 8        MR. PERRI:  David Perri for the United States.
 9        MR. COSENZA:  George Cosenza on behalf of the
10   defendant.
11        THE COURT:  All right.  Good morning to both of you.
12   Mr. Testerman, would you please stand?  Would you raise your
13   right hand and would the Clerk please administer the oath to
14   Mr. Testerman?
15        (The defendant was sworn)
16        THE CLERK:  Thank you.
17        THE COURT:  Thank you.  You can be seated, Mr.
18   Testerman.  Mr. Testerman, you're now under oath and if you
19   do offer testimony during this hearing that is later
20   determined to be false in a material respect you could
21   subject yourself to a further charge of false swearing or
22   perjury.  Do you understand?
23        THE DEFENDANT:  Yes.
24        THE COURT:  You're also free to ask questions and to
25   consult with Mr. Cosenza at any time during this hearing.  I
```

1 won't continue if you advise me that you're confused or
2 uncertain about what's going on. All right?
3     THE DEFENDANT: Yes.
4     THE COURT: Now are you the same Daniel Testerman who
5 was adjudged guilty by a jury on February 6th of 2006?
6     THE DEFENDANT: Yes.
7     THE COURT: And have you had an opportunity to
8 review the information in the Pre-sentence Report with Mr.
9 Cosenza?
10     THE DEFENDANT: Yes.
11     THE COURT: And are you aware that he's filed two
12 objections on your behalf?
13     THE DEFENDANT: Yes.
14     THE COURT: Okay. Mr. Cosenza, are you prepared to
15 proceed on those objections?
16     MR. COSENZA: Yes, Your Honor.
17     THE COURT: All right. Fine. I understand that the
18 first one is due to the two level enhancement that the
19 Probation Officer recommends be applied for obstruction of
20 justice. I'll hear you on that one.
21     MR. COSENZA: Your Honor, I think you have enough
22 information in the objection--
23     THE COURT: Okay.
24     MR. COSENZA: --to rule on that. I don't have
25 anything further to add.

Attachment B 11/25/2009

785

1       THE COURT: All right. Well, let's go over the
2   issue here. For an enhancement for obstruction of justice to
3   apply based on the defendant's testimony, the Court has to
4   find that a) the defendant testified falsely; b) about a
5   material fact; and c) did willfully to obstruct justice not
6   merely inaccurately as to a particular fact in the case. So
7   the Government is supporting this enhancement. I know you
8   weren't at trial, Mr. Perri, but are you convinced that those
9   three factors were met?
10      MR. PERRI: Yes, Your Honor. Actually, I--I was at
11  trial.
12      THE COURT: Oh, I'm sorry. Why I am thinking it--
13  no, yes, you were at trial. I've got five sentencings today.
14      MR. PERRI: That's okay. Yes, Your Honor, we do
15  believe that the factors are met and--
16      THE COURT: Okay, what is the statement that's the
17  false statement?
18      MR. PERRI: The fact that the defendant made a
19  complete and unequivocal denial of any involvement and/or
20  knowledge of these images on his computer. Furthermore, he
21  denied that it was him who was responsible for the--for those
22  images being on the computer through participation in the
23  file share system, even though the evidence strongly
24  indicated that it was in fact him that was using the system.
25      THE COURT: All right. So the material fact was--

1   MR. PERRI:  His complete denial.

2   THE COURT:  And as to which Count?  I mean I think
3   this is the kind of specificity the Fourth Circuit requires
4   on this issue.

5   MR. PERRI:  Well, Your Honor, as to the possession
6   count, he denied knowing possession of material and as to the
7   received counts, he denied knowing receipt of material.  I
8   think it's as basic and as simple as that.

9   THE COURT:  Okay.  It really doesn't matter that he
10  denied that he was the person depicted, does it?

11  MR. PERRI:  No, it doesn't.

12  THE COURT:  Okay.  So on the possession count,
13  knowing possession, and on the receive count, he denied
14  knowing receipt.  Now is there any significance to the fact
15  that the Government's case was circumstantial and there
16  wasn't any so-called smoking gun to compare the testimony?

17  MR. PERRI:  Well, Your Honor, I think that--I think
18  that the picture in which he was--he appeared naked,
19  masturbating was the smoking gun actually given all the
20  evidence, but I don't think that it matters that the case was
21  primarily circumstantial because he got up and he testified
22  to these things and it's by his own words that evidence is
23  contradicted.

24  THE COURT:  But the--that one picture was not child
25  pornography.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
500 WEST PIKE STREET, ROOM 301
P.O. BOX 2857
CLARKSBURG, WV 26302-2857

OFFICIAL BUSINESS

$04.95
NOV 15 20
MAILED FROM ZIP CODE 2630